(No. 35561.

The People of the State of Illinois, Defendant in Error, *vs.* Robert Outten, Plaintiff in Error.

*Opinion filed May 19, 1961.*

SHERMAN WARSO, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN. T. GALLAGHER, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Robert Outten, pleaded guilty to an indictment charging him with the unlawful sale of narcotics and was sentenced to the penitentiary for a term of not less than ten nor more than twenty years. Upon this writ of error he contends that he was not adequately advised as to the consequences of his plea, and that the court took improper matters into consideration in pronouncing sentence.

The defendant entered a plea of not guilty at his arraignment. Subsequently he moved to withdraw that plea and to enter a plea of guilty. After ascertaining that the defendant was thirty-three years of age, the court admonished him that "under our statute the penalty for sale of narcotic drugs is an indeterminate term of not less than two years nor more than life imprisonment, and the court has the power to fix the minimum and maximum duration of punishment within those limits, do you understand that?" The defendant answered that he understood, and persisted in his plea of guilty. He now takes the position that the record

does not indicate that he understood the meaning of the words "indeterminate," "minimum," and "maximum," that he was not informed that his incarceration would be in the Illinois State Penitentiary rather than in the county jail and that he was not advised that he had the right to be tried by a jury if he pleaded not guilty.

Our Rule 26 (Ill. Rev. Stat. 1959, chap. 110, par. 101.26) and section 4 of division XIII of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 732) require that before a plea of guilty is accepted, the court must explain the nature of the offense charged and the consequences that may follow if the defendant is found guilty. It is obvious that by pleading guilty the defendant is foregoing his right to a trial of any kind, and therefore we have held that the court is not required to refer explicitly to a right of trial by jury. *People* v. *Domico,* 15 Ill.2d 590.

The defendant's criticism of specific words used in the court's admonition is also without foundation. The record shows that the defendant stated at the time that he understood what had been said to him, and in any event an admonition is sufficient if an ordinary person in the circumstances of the accused would understand it. (*People* v. *Flathers,* 414 Ill. 486, 490; *People* v. *Baldridge,* 19 Ill.2d 616, 621; *People* v. *Doyle,* 20 Ill.2d 163, 167.) It is immaterial that the court failed to advise the defendant where he would be imprisoned. The defendant has not suggested how that information could be important to him in determining whether to plead guilty or not guilty.

The court heard evidence in mitigation and aggravation before sentencing the defendant. A police officer testified that when the defendant was questioned he revealed the existence of an additional supply of narcotics which was then recovered. The defendant contends that there was no proof that those narcotics were in his possession or under his control. Since the hearing was not governed by the rules of evidence applicable to criminal prosecutions. (*Peo-*

*ple* v. *Faulkner*, 12 Ill.2d 176, 183,) it was not essential that such proof be made. No objection was made to this testimony, and the defendant's co-operation appears to have militated in his favor.

Finally, the defendant contends that in imposing sentence, the court took into consideration the fact that the defendant was then prosecuting a writ of error to review an earlier conviction, (see *People* v. *Outten*, 13 Ill.2d 21,) and so fixed the sentence in this case that if the defendant was successful in his review of the prior conviction he would still be imprisoned for about the same period of time. The contention is without merit. The court was entitled to consider the defendant's criminal record. (Ill. Rev. Stat. 1959, chap. 38, par. 802.) The sentence imposed in this case was well below the statutory maximum, and there is nothing to indicate that the court was influenced by the fact that a writ of error was pending to review the earlier conviction.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*