(Nos. 37607-08-09-10 Cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THOMAS WITHERS, Appellant.

*Opinion filed May 27, 1963.*

JACK G. STEIN, of Chicago, (FRANCIS X. RILEY, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and THOMAS A. HETT, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Four indictments were returned against defendant Thomas Withers in the criminal court of Cook County. Two indictments charged him with rape, another charged him with armed robbery and the fourth charged him with assault with intent to commit murder. Counsel was appointed to represent him and he pleaded not guilty to each indictment. Thereafter, defendant's motion to withdraw his plea of not guilty as to each indictment was allowed and he pleaded guilty to each one. The court accepted the pleas and entered judgments of conviction on each one. The sentences fixed by the court run concurrently and are 70 years confinement in the penitentiary for each rape, 10 to 29 years for the armed robbery and 12 to 14 years for the assault with intent to commit murder. Defendant appeals from each conviction and the appeals have been consolidated for review.

The sole ground for reversal asserted by defendant on each appeal is that the trial court failed to comply with the requirements of Rule 27A (Ill. Rev. Stat. 1951, chap. 110, par. 259.27A; now Rule 26(3), Ill. Rev. Stat. 1961, chap. 110, par. 101.26(3).) This Rule requires that before a plea of guilty is accepted, the court must explain the nature of the offense charged and the consequences that may follow if the defendant is found guilty. The Rule

252

further requires that the inquiries of the court and answers of the defendant to determine whether the accused comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law, shall be recited in and become a part of the common-law record.

The common-law record originally filed with each appeal did not contain a transcript of the colloquy between the court and the defendant concerning the nature of the crime charged and the consequences that might follow if defendant were found guilty. The People, however, filed a supplemental record containing the transcript of proceedings during the changes of pleas by defendant. It shows that defendant's counsel informed the court that he and defendant had discussed the changes of pleas for two hours. Defendant acknowledged this and said he understood that the court would sentence him. The court then informed defendant of the crime with which he was charged, the limits of the punishment he might receive as a result of his plea, and the place where he would be confined. The defendant stated he understood this and told the court he still wished to plead guilty. This procedure was followed as to each indictment.

The supplemental record shows compliance with Rule 27A. (*People* v. *Domico*, 15 Ill.2d 590; *People* v. *Outten*, 22 Ill.2d 146.) The judgments of the criminal court of Cook County are affirmed.

*Judgments affirmed.*