The People of the State of Illinois, Defendant in Error,
v. Herbert Culbert, Plaintiff in Error.

Gen. No. 64–78.

Second District.

April 5, 1966.

Leonard Remencius, of Rockford, for appellant.

William R. Nash, State's Attorney and William H. Snively, Assistant State's Attorney, both of Rockford, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

On September 4, 1963, an Information was filed in the Circuit Court of Winnebago County charging the plaintiff in error (hereinafter called defendant) with having committed the offense of Indecent Liberties with a Child in violation of chapter 38, section 11–4, Illinois Revised Statutes, 1961. Thereafter, on September 19, 1963, the State's Attorney for Winnebago County filed a Petition to adjudicate the defendant a sexually dangerous person pursuant to the Sexually Dangerous Person Act. (Ill Rev Stats 1961, c 38, Pars 820.01 et seq.) A hearing was held on October 9, 1963, on the Petition and the defendant was adjudicated a sexually dangerous person and committed to the custody of the Director of Public Safety.

The defendant brings this appeal on the grounds that he was denied certain of his rights under the constitutions of both the United States and the State of Illinois. He urges that he was deprived of his right to be held to answer for the crime with which he was charged only by indictment by a grand jury. He further contends that the trial court unlawfully failed to advise him of his right to counsel before accepting his waiver of his right to be proceeded against by indictment.

Section 8 of Article II of the Constitution of the State of Illinois (1870) provides as follows:

"No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army and navy, or in the militia, when in actual service in time of war or public danger: Provided, that the grand jury may be abolished by law in all cases."

Section 702 of Division X of the old Criminal Code (Ill Rev Stats 1961, c 38, § 702) contained a provision for a waiver by the accused of his right to be proceeded against by grand jury indictment, to-wit:

"702. Prosecution in circuit courts: All offenses cognizable in the said courts shall be prosecuted by indictment, or, except for the crimes of treason, murder or manslaughter, by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment. The prosecution of a felony under an information shall be conducted in accordance with the statutory requirements of proceedings under an indictment."

Rule 26(3) of the Supreme Court Rules (Ill Rev Stats 1961, c 110, § 101.26(3)) elaborates and expands this provision to include the requirement that the right to prosecution by indictment be "understandingly" waived by the accused. It provides:

"The court shall not permit a plea of guilty or waiver of indictment or of counsel, by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time waiver is sought to be made or plea of guilty entered, or both, as the case may be, that

164

the accused understands he has a right to be held to answer for the offense on indictment by a grand jury and has understandingly waived that right and consented to his prosecution by information, that he understands the nature of the charge against him, and the consequences thereof if found guilty, and understands he has a right to counsel, and understandingly waives that right. The inquiries of the court and the answers of the accused to determine whether he understands his rights to be indicted by a grand jury and to be represented by counsel and comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law, shall be taken and transcribed and filed in the case. The transcript, when filed, becomes a part of the common law record in the case."

It is significant that the explicit requirement that the accused "understands" his waiver of this right has been included in the new Criminal Code. (Ill Rev Stats 1965, c 38, § 111–2).

The crime of Indecent Liberties with a Child, with which defendant was charged, provides that a person so convicted "shall be imprisoned in the penitentiary from one to twenty years" and is thus, by definition, a felony.

The record before us contains the following colloquy between the court and the defendant relative to his right to be held to answer for this crime on indictment by a grand jury:

"THE COURT: You are Herbert F. Culbert?
THE DEFENDANT: Yes.
THE COURT: Do you want to waive the intervention of the Grand Jury?
THE DEFENDANT: It's up to you.
THE COURT: Well, it's not up to me. It's up to you, if you want to waive, I will accept your waiver.

165

THE DEFENDANT: Well, that will be all right.

THE COURT: Do you have an attorney?

THE DEFENDANT: No, I haven't. I tell you, your Honor, if you let me loose this time, I'll never come back no more, never. My mind is differrent since I come in.

THE COURT: Well, yes, but there is nothing I can do at this time. You have to stand trial. Do you have an attorney?

THE DEFENDANT: No, sir, I haven't.

THE COURT: Let the record show that the Defendant has been advised of his rights and waives the intervention of the Grand Jury. Leave is given to file the Information."

■ We do not feel that this record discloses that the defendant was informed of the crime with which he was charged or that he "understandingly" waived his right to be indicted by the grand jury. Rather, the responses of the accused indicate only a vague understanding that he was in trouble and a childish effort to placate the trial judge. It is obvious that he had no understanding of the nature of his right in this regard or the consequences of its waiver. There is no indication that the trial court made any attempt to apprise him of the charge or his right to answer for the offense on indictment by the grand jury, rather than by information.

It was only after the purported waiver of the grand jury indictment that the court appointed counsel to represent the defendant. There are cases that hold that in felony prosecutions the right to counsel attaches at the time of arraignment. The People v. Morris, 30 Ill2d 406,

197 NE2d 433; People v. Kurant, 331 Ill 470, 163 NE 411. Others state that counsel must be appointed before anything is done that might prejudice the defendant in his defense. People v. Jameson, 387 Ill 367, 56 NE2d 790.

██ We find no cases that hold that counsel must be appointed before waiver of the right to be proceeded against by grand jury indictment can be accepted. Under certain factual situations it might be necessary for an accused to be legally counseled to adequately understand the nature of this right before it can be validly waived. On such occasions leave should be granted to file the information and a motion to strike entered for insufficient waiver and an opportunity given to the defendant to procure counsel or one should be appointed by the court. A short continuance of the cause should be granted to enable the defendant to consult with his counsel. This procedure, in our opinion, would more adequately meet the requirements set forth in Rule 26(3) of the Supreme Court, supra.

██ The admonishment of a defendant of his right to be held to answer for the offense by indictment by a grand jury rather than by information and the court's finding that he has understandingly waived that right and consented to prosecution by information is in the same category as an admonition to a defendant upon entering a plea of guilty to an indictment. In People v. Scott, 55 Ill App2d 375, 378, 204 NE2d 586 the court held that the essentials of an admonishment have been complied with "if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule," citing People v. Doyle, 20 Ill2d 163, 167, 169, 169 NE2d 250, and People v. Thomas, 55 Ill App2d 286, 204 NE2d 582.

██ In any event, it is clear that the defendant in this case did not possess the degree of understanding of his rights which is required in order to effectively waive

167

them. It is imperative that the trial court adequately inform the accused of the nature of the charge placed against him and instruct him as to his right to be held answerable to that charge only by indictment, and the consequences of a waiver of that right.

The State contends that the defendant's constitutional rights were not violated. They argue that he might just as easily have been charged with the crime of Contributing to the Sexual Delinquency of a Minor (Ill Rev Stats 1963, c 38, § 11–5), a misdemeanor, and thus have had no right to grand jury indictment. The petition to have him adjudicated a sexually dangerous person could then have been filed on the lesser charge with, presumably, the same result. We do not agree with this logic.

The defendant was charged with a crime so serious as to provide him with certain constitutional safeguards. These safeguards were disregarded by the action of the trial court and any further proceedings must be set aside.

Reversed and remanded with instructions to proceed in accordance with the conclusions expressed herein.

Reversed and remanded.

MORAN, P. J. and DAVIS, J., concur.