People of the State of Illinois, Plaintiff-Appellee, v. James Mayhone, Defendant-Appellant.

Gen. No. 53,675.

First District, Second Division.

May 19, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James N. Gramenos, Assistant Public Defender, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The defendant, James Mayhone, was indicted for murder. Through court-appointed counsel he entered a plea of guilty, which was accepted, and the court sentenced him to a term of not less than 18 nor more than 40 years in the penitentiary. The minimum sentence which can be imposed on one found guilty of murder is 14 years.

After the guilty plea was entered the Assistant State's Attorney and the Assistant Public Defender representing defendant stipulated to the following facts. The defendant and the deceased, Dennie Johnson, had been

drinking in a bar on July 7, 1968, from 8:00 p. m. to 4:00 a. m. the following morning. At about 5:00 a. m. the two men went to Mayhone's apartment. It is not definitely shown which of the two made the initial proposition, but at the apartment there was an agreement that the deceased would perform an act of oral copulation on the defendant. The defendant apparently changed his mind, became angry and pushed Johnson's chair over, causing him to fall. He got up shouting and, according to defendant's statement to FBI agents, "He got his hands on my shoulders and wanted to choke me. I pushed him and he was still screaming. I saw a butcher knife on the kitchen table, picked it up and the next thing I knew I stabbed him. I know I stabbed him at least once." Mayhone then dragged Johnson from the kitchen and threw him over the banister into an areaway between his building and the one next door. He then wakened his brother who had been sleeping in the apartment and told him to get out, and soon after that the defendant fled to California, where he was arrested on the murder charge and brought back to Illinois for trial on the indictment.

On October 1, 1968, when the defendant pleaded guilty, he was 21 years old, and had no prior felony convictions, although he had been incarcerated for one year in the House of Correction for theft. He now argues that the trial judge erroneously accepted his guilty plea; that the record does not contain an affirmative showing that the defendant was given a thorough enough explanation as to the meaning of a jury trial, and that when he said he would waive a jury trial he did not do so knowingly and intelligently.

Alternatively, we are asked to reduce the charge to voluntary manslaughter or reduce the sentence imposed by the trial court. The colloquy during which the defendant changed his plea from not guilty to guilty was as follows:

371

Mr. Reynolds: "Your Honor, I have talked to Mr. Mayhone. He has indicated to me he wishes withdrawing his plea of not guilty and enter a plea of guilty."

The Court: "Mr. Mayhone, your attorney advises me that you wish to withdraw your plea of not guilty to Indictment 68–3082 charging you with murder and plead guilty, is that correct?"

Defendant: "That is correct."

The Court: "You understand that when you plead guilty that you automatically waive your constitutional right to a trial by jury?"

Defendant: "Yes."

The Court: "Do you understand that on your plea of guilty to the charge of murder you can be sentenced to a minimum of 14 years and a maximum of life or the electric chair? Do you understand that and knowing that you still wish to plead guilty to the charge of murder?"

Defendant: "Yes, sir."

The Court: "All right, the record will so indicate that the defendant was advised of his rights and informed as to his constitutional rights and the consequences of his plea and despite that he persists in his plea of guilty and the Court will accept the plea of guilty and enter judgment accordingly."

The defendant cites Boykin v. Alabama, 395 US 238, in support of his proposition that his plea of guilty was not shown to have been intelligently and knowingly made. The guilty plea in the instant case was entered Octo-

ber 1, 1968; Boykin was decided June 2, 1969, and the Illinois Supreme Court has already ruled that Boykin is to be applied prospectively only. People v. Williams, 44 Ill2d 334, 343, 255 NE2d 385, 390. The Boykin ruling is inapplicable here.

We find that the colloquy we have quoted amply supports the dictates of Ill Rev Stats 1967, c 38, § 113–4(c). The trial judge properly informed the defendant that if he persisted in his plea he could be sentenced, without further showing, to a minimum of 14 years and a maximum of life imprisonment, or to death in the electric chair. Counsel urges that "the defendant was entitled to an explanation of what a jury trial was and of his entitlement to a jury trial to resolve the issues concerning the homicide."

We do not believe that the quoted statement accurately portrays the law which was in existence at the time the plea was entered. It was the duty of the trial court to explain the consequences which could follow from a guilty plea, and although it is true that there are many consequences involved, the judge was not required to detail all the prerogatives one foregoes by pleading guilty. What had to be conveyed to the defendant was the critical concept that by pleading guilty the inquiry into the innocence or guilt of the accused party terminated, and that on the plea alone a judgment of guilty could be entered and the defendant sentenced within the limits set by the law. People v. Outten, 22 Ill 2d 146, 149, 174 NE2d 685; People v. Washington, 5 Ill2d 58, 60, 124 NE2d 890.

The trial judge fulfilled this requirement, and the entry of the guilty plea cannot now be attacked. In fact, the judge did explain that by pleading guilty the defendant waived his right to a jury trial, an explanation which at that time exceeded the statement the judge was required to make.

■ ■ On the other hand, we believe that this case presents a situation in which it is proper to exercise the power given under Supreme Court Rule 615(b)(4), to reduce the punishment imposed by the trial court. According to the stipulation of facts, the deceased and the defendant had been drinking together for eight hours immediately prior to the killing. Back at the defendant's apartment the two began pushing one another around; the deceased attempted to choke the defendant, at which time the defendant grabbed a butcher knife and stabbed the deceased. The defendant was 21 years old at the time he pleaded guilty, and had no prior felony convictions. These facts create mitigating circumstances which should be considered.

It would be improper to inquire further regarding the guilty plea once we have concluded it was accepted under permissible standards. We cannot refrain, however, from noting that the facts do call for leniency; that the punishment imposed was disproportionate to the offense, and would be more likely to prevent rather than assist rehabilitation. Accordingly, we are reducing the sentence imposed to one of 14 years (the statutory minimum) to 14 years and one day. As so modified, the judgment is affirmed.

Affirmed as modified.

LYONS and BURKE, JJ., concur.