(No. 41231.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ROOSEVELT EVANS, Appellant.

*Opinion filed May 20, 1970.*

WARD, J., took no part.

ROOSEVELT EVANS, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and THOMAS HOLUM, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant, Roosevelt Evans, was originally convicted in the circuit court of Cook County on pleas of guilty to two separate indictments arising out of the same occurrence. Indictment No. 62-958 consisted of two counts and charged armed robbery and attempted murder of Alex Rosen, and No. 62-957 charged attempted murder of Raymond Sloan. Defendant was sentenced to 20 to 23 years in the penitentiary on No. 62-958 and 10 to 15 years on 62-957, the latter sentence to run concurrently with the first. Sometime thereafter defendant filed a post-conviction petition which was dismissed in the trial court. On appeal we found that certain allegations of defendant's petition did make a "substantial showing" of constitutional violations and we reversed and remanded with directions to the trial court to consider defendant's contention that he was not properly admonished prior to his plea, and to resolve the uncertainties that seemed to exist relative to the propriety of the sentences imposed. (*People* v. *Evans,* 37 Ill.2d 27.) On reconsideration and further answer from the State the trial court again dismissed defendant's petition, and the present appeal is from that order of dismissal.

Defendant, acting *pro se,* contends that the court did not properly admonish him of the consequences of his plea of guilty to indictment No. 62-958, that the conviction order or *mittimus* referred to the crime for which he was convicted as "attempted murder, *etc.*" and that, therefore, his sentence of 20 to 23 years was wrongful in that it exceeded the statutory maximum of 1 to 20 years for attempted murder, and that his counsel was incompetent for failing to object to such sentence.

The record discloses that there were a number of pre-trial hearings in this case at which defendant was present with counsel, that he was furnished with copies of the indictments and on several occasions the charges therein were discussed in court. The State elected to proceed to trial on

No. 62-958, and, when defendant indicated a desire to waive his right to a jury the court called his attention to the fact that this indictment contained two counts, one for armed robbery and one for attempted murder. Defendant expressed his understanding of this fact and persisted in his request to be tried by the court on both counts. After a short recess defendant asked to change his plea to one of guilty to both indictments. The court explained that only 62-958 was presently before him and defendant was asked if he wished to both waive a jury and plead guilty to the *charges* in that case. He replied affirmatively. Among other admonishments concerning the consequences of defendant's plea, the court told him that "the court could, on your plea of guilty, send you to the penitentiary for a period of one year to life, or any term of years." On completion of his admonishments the court accepted defendant's plea of guilty and entered judgment thereon. In further discussion between court and counsel relative to sentence it was specifically understood that the plea of guilty was to both counts of the indictment, that the maximum penalties for the crimes charged in the two counts differed, but that only one sentence would be imposed and that was on the plea to the indictment. The court then imposed the sentence of 20 to 23 years in the penitentiary. Thereafter a plea of guilty to the attempted murder charge in indictment No. 62-957 was accepted, judgment entered and sentence imposed for a term of 10 to 15 years in the penitentiary, such sentence to run concurrently with the first sentence.

Defendant concedes that prior to his plea to indictment No. 62-958 the court did admonish him that he could be sentenced for a term of one year to life or any term of years, but, he states, the court did not describe this as the statutory penalty for armed robbery nor did he even mention the possible penalty for attempted murder. He argues that the admonition was therefore insufficient because the

indictment charged two separate crimes for which separate penalties could be imposed and he was entitled to this information.

The penalty for armed robbery is an indeterminate term with a minimum of not less than one year (Ill. Rev. Stat. 1961, ch. 38, par. 18—2(b)), and for attempted murder, a fine or imprisonment not to exceed 20 years (Ill. Rev. Stat. 1961, ch. 38, par. 8—4(c)(1).) The court specifically informed defendant that he could be sentenced for a period of one year to life or any term of years, and his sentence of 20 to 23 years was within the penalty for armed robbery so described by the court and provided by the statute. As stated in *People* v. *Kontopoulos,* 26 Ill.2d 388, the object of the admonishment is to inform the defendant of the consequences of his plea of guilty and to give him the right to withdraw his plea, if, after hearing the consequences, he desires to be tried by a jury. Reading the admonishment of the court and the responses of defendant in a practical and realistic manner there is no doubt that defendant thoroughly understood that he was pleading guilty to both counts of the indictment and that the maximum sentence to which he was subjecting himself was an indeterminate term of one year to life or any term of years. We find that defendant was not prejudiced nor given any reason not to withdraw his plea of guilty by failure of the court to inform him of the lesser statutory penalty for attempted murder.

The fact that defendant understood the court's admonition is later buttressed by the fact that, immediately following imposition of sentence on 62-958, the second indictment, 62-597, charging attempted murder of another individual was presented. Prior to accepting defendant's change of plea on this indictment from not guilty to guilty he was again admonished of his rights and specifically informed that the penalty for attempted murder could be from 1 to 20 years, but that his sentence therefor would run concurrently with the earlier sentence. Though this subsequent

admonition could not be said to supply any defect in the first admonition, nonetheless it does tend to refute defendant's present claim that his first plea was not understandingly made.

Defendant next contends that his sentence of 20 to 23 years on indictment 62-958 was wrongful because the penitentiary *mittimus* was captioned "attempted murder, *etc.*" and the penalty for attempted murder cannot exceed 1 to 20 years. This contention is without merit for the *mittimus* is no part of the common-law record and any error therein affords no basis for assignment of error on appeal. A prisoner duly convicted and sentenced to the penitentiary is confined to such institution not by virtue of the warrant of commitment but on account of the judgment and sentence against him in the trial court. *People* v. *Cox,* 401 Ill. 432.

Defendant's final contention, that his counsel was incompetent for failure to object to his sentence in 62-958, presupposes that the sentence was imposed for attempted murder and was beyond the statutory minimum. As stated above we have found the court's admonition, judgment and sentencing were proper. There being no basis for objection by defendant's counsel, there remains no basis for defendant's allegations of incompetence.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice WARD took no part in the consideration or decision of this case.