THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES WILSON, Defendant-Appellant.

(No. 54023;

First District—March 10, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Anthony Montemurro, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, James Wilson, was charged with the crime of burglary in an information filed by the State. The defendant was arraigned and pleaded guilty. Judgment was entered upon the plea, and the defendant was sentenced to serve a term of one year to one year and three months in the Illinois State Penitentiary. From this judgment the defendant appeals.

The defendant contends (1) that the trial court accepted his waiver of indictment and plea of guilty without advising him of his rights as required by Supreme Court Rule 401, (2) that the record does not affirmatively show that his plea of guilty was entered voluntarily and understandingly, (3) that the trial judge erred in sentencing him without conducting a hearing in aggravation and mitigation, and (4) that the sentence is excessive.

The matter first came up for a preliminary hearing before the criminal division of the Circuit Court. The record reveals that the Clerk of the Court called the case and announced that the charges against the defendant were burglary and possession of marijuana. Two persons were then called as witnesses for the State. Jack Volkow testified that in the early morning of August 28, 1968, he received a telephone call from the police who informed him that the burglary alarm in his store at 7665 West 63rd Street in Summit, Illinois, was ringing. He then went to the police station and returned to the store with police officers. He opened the door to the store and saw someone inside. Officer Corbitt testified that he found the defendant inside the store. He then searched the de-

fendant and found a "nickel bag of marijuana." At the conclusion of this testimony the Court summarized the evidence and informed the Assistant Public Defender that in the Court's opinion the arrest was good. On cross-examination by the Public Defender, Officer Corbitt testified that they called Volkow at about 1:45 A.M. As soon as Volkow put his key in the lock, he saw the defendant get up from behind a couch and run to the rear of the store.

At this point the Court interrupted the cross-examination and inquired of the State whether they could do anything for the defendant. It was brought out that the defendant had been previously under the supervision of the Illinois Youth Commission as a result of a burglary charge. The State suggested a *nolle pros* of the narcotic charge and a recommended one year to eighteen month sentence upon a plea of guilty to the burglary charge. The Court then informed defense counsel that the defendant would be given a week to consider his plea because the Court did not want anyone to go to the penitentiary "just by saying I am guilty." The matter was then passed over to be recalled.

When the case was recalled the following colloquy occurred:

"MR. MURPHY: Your Honor, Mr. Wilson has been admonished of his constitutional rights. He knows that if he wants if he desires he can go in front of the grand jury. Also knows he has a right to trial by jury. Judge, he knows in this case that he so desires he can go upstairs. He wants, and he knows he has a right to appeal even if he does plea. He has signed a voluntary confession which he told me was voluntary. He just wants to get on his way, Your Honor.

THE COURT: Okay.

MR. MURPHY: In this case we have decided to accept the State's Attorney's recommendation of one year and one year and three months.

\* \* \* \*

THE COURT: Pay attention now to what I have to say to you, Mr. Wilson. You have a right to have this cause submitted to the grand jury for possible indictment. Do you wish to waive that right?

MR. WILSON: I rather go right here.

THE COURT: You signed a piece of paper that says jury waiver on it meaning you are waiving your right to trial by jury?

MR. WILSON: Yes.

THE COURT: Do you wish to waive that right?

MR. MURPHY: He said yes, Your Honor.

THE COURT: Now, on a plea of guilty in this matter this court may sentence you to the penitentiary from any number of years over one. Knowing that do you still wish to plead guilty.

MR. WILSON: Yes, sir."

We first consider whether the defendant was properly advised of his rights as required by statute and rule. Section 111—2 (a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 111—2 (a) ) provides for the waiver of prosecution of a felony by indictment and states:

"All prosecutions of felonies shall be by indictment unless waived understandingly by the accused in open court, and unless the State expressly concurs in such waiver in open court * * *."

Supreme Court Rule 401 (b) (Ill. Rev. Stat. 1967, ch. 110A, par. 401(b)) implements the statute quoted above and provides:

"*Procedure on Plea or Waiver.* The court shall not permit a plea of guilty or waiver of indictment or of counsel by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time the waiver is sought to be made or plea of guilty entered, or both, as the case may be, that the accused understands he has a right to be held to answer for the offense on indictment by the grand jury and has understandingly waived that right and consented to his prosecution by information, that he understands the nature of the charge against him, and the consequences thereof if found guilty, and understands he has a right to counsel, and understandingly waives that right * * *."

■■ In a case such as this where the defendant waives his right to prosecution by indictment and at the same time enters a plea of guilty, Supreme Court Rule 401 (b) requires that before accepting the waiver and plea the Court must find from the proceedings held in open court (1) that the defendant understands his right to have the cause submitted to the grand jury for indictment, (2) that the defendant understandingly waived this right, (3) that the defendant understands the nature of the charges against him, and (4) that he understands the consequences for him if found guilty of the charge. The Court need not make formal findings relative to the matters set forth in Rule 401 (b) before accepting the waiver and plea. A reviewing court will not disturb a judgment based upon a waiver and plea where the proceedings in open court reveal evidence from which the Court could justifiably conclude that the defendant understood his rights and the consequences of his acts. *People v. Page,* 38 Ill.2d 611, 232 N.E.2d 689.

The defense argues that "[a]lthough the court advised the defendant as to his right to indictment by grand jury, it is obvious that at the time the defendant did not understand what an information or an indictment was, the difference between them, or the consequences of a waiver of them. The defendant's apparent lack of attention should have alerted

the trial court to the need of an explanation as to what an indictment and an information were and as to the difference between them, so that the defendant could understandingly decide whether or not he wished to waive indictment."

■■ The advice which is given to a defendant must be read in a practical and realistic manner and in light of the circumstances surrounding the waiver. (*People v. Mace*, 79 Ill.App.2d 422, 223 N.E.2d 725.) In the case at bar, after two witnesses for the State had testified, the matter was passed over so that the defendant could confer with his attorney. After this conference the matter was recalled and defense counsel in the presence of the defendant stated to the Court that the defendant knew of his right to have the matter submitted to the grand jury for indictment. The Court then advised the defendant of this right and asked him whether he wished to waive it. The defendant replied affirmatively. In view of the statements of the defendant and of defense counsel and the admonition of the Court we believe that the defendant was sufficiently admonished of his right to have the cause presented to the grand jury for indictment, and he understandingly waived that right.

■■■ The defendant also argues that he was inadequately admonished of the consequences of the entry of a guilty plea. The Court advised him that upon a plea of guilty to burglary the Court could sentence him to the penitentiary for any number of years over one. An admonition is sufficient if an ordinary person in the position of the accused would understand it. (*People v. Outten*, 22 Ill.2d 146, 174 N.E.2d 685.) The admonition in the case at bar was sufficient.

■■■ It is urged that the Court accepted the plea of guilty without an affirmative showing that it was voluntarily and understandingly entered by the defendant. The defendant, in effect, argues that he was rushed and pressured into making a plea of guilty. The defendant entered his plea at the preliminary hearing. The purpose of this hearing is to ascertain whether a crime, as charged, has been committed and, if so, whether there is probable cause to believe that it was committed by the accused. (14A I.L.P. Crim. Law Sec. 171.) The scope of the preliminary hearing is limited. An accused is not required to put on a defense, and a finding of probable cause is not binding upon a subsequent grand jury. (*People v. Bonner*, 37 Ill.2d 553, 229 N.E.2d 527.) Before the defendant entered his plea, the Court inquired whether the State could do anything for the defendant. The prosecutor then attempted to bring out the defendant's past criminal record. After several questions had been asked, the Court stated to the defendant, "Listen, we are trying to help you, young fellow. You might as well tell us the truth. We can call up the B of I—." After the defendant's criminal record was brought out, the

State's Attorney offered to "do something reasonable." The Court then urged the prosecutor and the defense counsel to inform him as soon as any agreement had been reached so that the witnesses could return home. The Court then offered to continue the matter for a week, and the case was passed over. When the case was recalled the defendant entered his plea.

■■ We are of the opinion that the defendant had adequate opportunity to consider his plea and that the defendant entered his plea both voluntarily and understandingly. The defendant conferred with his attorney before making his plea. He knew that he did not have to plead on the day of the hearing. He could have had a continuance for a week. Moreover, as pointed out above, he was clearly admonished by the Court of the consequences of a guilty plea. The defendant, nevertheless, persisted in entering the plea. Under these circumstances the plea was properly accepted.

■■ The defendant also contends that the Court erred in sentencing him without conducting a hearing in aggravation and mitigation. This contention is without foundation. The defendant did not request a hearing. Indeed he waived such a hearing when the defense counsel stated specifically that the defendant had decided to accept the State's Attorney's recommended sentence.

■■ The defendant finally contends that his sentence was excessive. The defendant pleaded guilty to the crime of burglary which carries with it a penalty of imprisonment in the penitentiary for an indeterminate term with a minimum of not less than a year. (Section 19—1 (b) of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, par. 19—1 (b) ).) The sentence imposed was a minimum of one year and a maximum of one year and three months. When a sentence falls within the statutory limits a reviewing court will not reverse unless the sentence represents a great departure from the spirit and purpose of the law or is so excessive that it violates the Illinois Constitution which requires all penalties to be proportionate to the nature of the offense. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) We are not persuaded that this sentence is excessive.

For the reasons set forth the judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and DIERINGER, J., concur.