THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY D. SISSON, JR., Defendant-Appellant.

(No. 11896;

Fourth District—December 13, 1973.

SIMKINS, J., dissenting.

John F. McNichols, Deputy Defender, of Springfield (J. Daniel Stewart, Assistant Appellate Defender, of counsel), for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Patrick M. Walsh, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant pleaded guilty to counts of an indictment which charged burglary and theft. At a hearing held at the same time, he pleaded guilty to an information charging a subsequent burglary. Concurrent sentences of two to ten years were imposed for burglary, but no sentence was imposed upon the count of the indictment for theft.

Upon appeal it is urged that the court erred in accepting a waiver of indictment without admonition of the nature of the charge and the possible penalty for burglary, and that the court erred in accepting the pleas after telling defendant that the sentence would be less if he pleaded guilty.

■■ The issue of the sufficiency of the admonition on waiver of indictment is examined in the light of the record of the entire hearing. Defendant appeared with counsel who advised that pursuant to negotiations with the State's Attorney, defendant wished to withdraw his plea of not guilty to the indictment for burglary and theft and to enter a plea of guilty as to each count. He further advised the court of defendant's wish to plead guilty to the pending information which charged a burglary.

The court admonished the defendant as to the nature of the proceedings before a grand jury, the nature and purpose of an indictment and of defendant's right to have an indictment by the grand jury before proceeding further. He further advised defendant that he would waive indictment if he did so knowingly and understandingly. Defendant stated that he wished to waive indictment, and thereupon executed a written waiver. Upon being asked his plea to the information, defendant inquired which charge it was and was advised by the court that it was the "Scotch Wash burglary". He responded that he pleaded guilty.

The court advised defendant that the terms of the negotiations would be stated for the record, that he would indicate whether he tentatively concurred, but that if the court could not accept the terms of the negotiations, he would request defendant to confirm the plea or to withdraw it, and that if the plea was withdrawn the court would "send the case to another judge".

The terms of the respective negotiated pleas included a recommendation of sentence of two to ten years on each burglary to run concurrently.

The State's Attorney further stated that defendant was subject to possible revocation of probation in Clinton County and that the State's Attorney would recommend to the State's Attorney of Clinton County that if probation was revoked, a concurrent sentence should be imposed. Defendant confirmed the statement of the terms of the negotiations. The court indicated tentative concurrence and then fully admonished defendant of his right to a jury trial, and that there would be no such trial if a plea was made. Defendant waived a jury trial. The court further admonished as to the nature of the offenses and to the penalties provided for each, and said that he tentatively concurred in the terms negotiated. The court then ascertained that the pleas were voluntary and not coerced and defendant was satisfied with counsel's representation. The factual basis of the pleas were stated by the State's Attorney and such were concurred in by defendant's counsel.

■■ While it is contended that the court erred in accepting the waiver of indictment, it is not contended that defendant did not understand the effect of such waiver. The record discloses that the making of the pleas was initiated by defendant through his counsel. The proceedings upon the information were interwoven with the disposition by plea of defendant's indictment. Defendant was aware that a grand jury would not meet for several weeks. In the course of a single hearing, defendant received all of the admonitions which are stated in Supreme Court Rules 401(b) and 402. It is demonstrated as clearly as a record can show that defendant understood his right to have the offenses submitted to a grand jury, and that with such understanding defendant waived that right. It is further clear that defendant understood the nature of the several charges and that he understood the consequences if he was found guilty of the burglary charged in the information. (*People v. Wilson,* 132 Ill.App.2d 537, 270 N.E.2d 88.) Although there is colloquy between the court and defendant concerning his right to withdraw his plea, at no place within the record is there a suggestion that defendant wished to withdraw his pleas to either the indictment or the information. The record leaves no doubt that defendant understood the effect of the waiver of indictment and no claim of prejudice is made here, or is otherwise suggested. *People v. Evans,* 45 Ill.2d 265, 259 N.E.2d 41.

■■ It is argued that "the trial court made an improper statement that may have induced the defendant to plead guilty to the charges facing him and that misinformed the defendant as to the consequences of the plea". The language isolated in the argument includes a statement that the recommended sentence is "probably a better deal than what you would get if you stood trial", and that the court stated; "It is fairly common knowledge that a plea will result in a lesser sentence than a trial".

The record does not support the conclusion argued that the court induced the plea. It clearly appears that the challenged remarks were made after the terms of the negotiated pleas were stated and the court had indicated that he would approve the sentence. The remarks were subsequent to the waiver of jury and the admonitions under Supreme Court Rule 402. The language was in the context of a "deal" between the defendant and the State's Attorney in the negotiation. The court pointed out that in the event the plea was withdrawn, the negotiated sentence would not necessarily control, and that upon a subsequent trial a greater sentence might be imposed. At such time the court had already advised that if the plea was withdrawn, the case would be heard by another judge. The record does not support an argument that the trial court offered an "improper inducement to defendant to plea guilty".

■■ Defendant's pleas to the indictment were accepted and he stands convicted of burglary and theft. No sentence was imposed upon the count for theft. It appears that the court and counsel considered the theft a part of the same transaction as the burglary. In *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679; *People v. Russo*, 52 Ill.2d 425, 288 N.E.2d 412; and *People v. Lerch*, 52 Ill.2d 78, 284 N.E.2d 293, it was held that where a lesser offense was not independently motivated or otherwise separable from the greater offense charged, the judgment of conviction upon the lesser offense should be reversed.

The judgments of conviction upon the respective charges of burglary are affirmed and the judgment of conviction for theft reversed.

Affirmed in part, reversed in part.

SMITH, P. J., concurs.

Mr. JUSTICE SIMKINS dissenting:

I dissent. Following are portions of the record of the proceedings during which defendant's plea was tendered, accepted by the court and sentence imposed:

"THE COURT: All right. Now the penalties that are involved in burglary, it is an indeterminate term of not less than one year. This means if I were called upon to sentence you I could give you any kind of term I wanted, but in any event, it couldn't be less than one year. It has already been stated here and I have tentatively concurred in a term of two to ten, and I will abide by my agreement in that situation. I want you to understand that the possibility exists that if for some reason this plea blows up, that a greater term could be involved. Burglary is not less than one and no maximum.

Grand theft is not less than one, nor more than ten. If, for any

reason, this plea collapses, and I don't see any reason why it should, but if it did, if you don't continue with your plea, then the field would be wide open, and the sentencing judge could give you anything on the burglaries so long as it wasn't less than a year. On the theft charge I could give you not less than a year, nor more than ten, and I could give you whatever combination of years within that.

You understand that, Mr. Sisson?

DEFENDANT: I understand it, but what could cause it to collapse in any case, not specifically this one, but—

THE COURT: As far as I am concerned it isn't going to collapse unless you want to tell me you want to pull out.

DEFENDANT: Not particularly in this case, but what could cause a plea to collapse?

THE COURT: If you say you want to withdraw your offer.

DEFENDANT: Okay.

THE COURT: Note the deal has been made here and the Court has concurred in the deal. So far as we are concerned there is nothing that should prevent it. It would be your doing if you should decide to withdraw your offer to plead, then the plea would be off and all deals would be off, and we would start all over again. But the monkey is on your back. As far as I am concerned the plea goes through.

\* \* \*

THE COURT: And notwithstanding that there is a possibility of greater punishment if you withdraw your offers you still desire to go ahead on a two to ten basis, Mr. Sisson?

DEFENDANT: Yes.

\* \* \*

THE COURT: Now we will come right to this point we were talking about a moment ago. We have come a pretty long ways here, through a waiver of Grand Jury, waiver of petit jury, the nature of the charges, we have gone through possible penalties, we have gone through what the deal is, but even though we have done all this, and it has taken some period of time, I am still willing to permit you to pull out. If you do the matters will simply be re-scheduled for trial as originally allotted next Tuesday. If you persist in the plea we will finish the whole thing up here this afternoon. But if you persist, understanding there will not be a trial of any kind, there won't be any jury, there won't be any evidence, there won't be anything, we will get the whole job done right here in the next ten or fifteen minutes.

You understand this, Mr. Sisson?

DEFENDANT SISSON: Yes.

THE COURT: Understanding you want to go ahead?

DEFENDANT SISSON: Yes.

\* \* \*

THE COURT: In other words, you are down here in a situation where things are pretty well haired up, there is one burglary and one theft on Eckhardt, and one theft on Scotch Wash. On top of that things don't look too bright, and that is probably the best way to get out of it on a two to ten concurrent, is that about the substance of it, Mr. Sisson?

DEFENDANT SISSON: Just about.

\* \* \*

THE COURT: *Understanding that it is probably a better deal than what you would get if you stood trial, is that right?*

DEFENDANT SISSON: I guess so.

THE COURT: *I can practically promise you that.*

DEFENDANT SISSON: I know, sir.

\* \* \*

THE COURT: *It is a matter of fairly common knowledge that a plea will result in a lesser sentence than a trial. Not absolutely, but I can think of mighty few cases in which it isn't.*

In substance then the plea is your own voluntary act, is that right?

DEFENDANT SISSON: Yes, sir." (Emphasis added.)

Subsequently the court made its finding that the plea was the "\* \* \* free and voluntary act \* \* \*" of the defendant and accepted the plea. On this record I cannot agree that the plea was freely and voluntarily entered. I would reverse and remand with directions that defendant be permitted to plead anew.