THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANCIS UNGER, Defendant-Appellant.

(No. 73-119;

Second District—November 1, 1974.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Richard L. Caldwell, State's Attorney, of Oregon (Peter J. Woods, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

. Defendant herein, charged with the theft of a motor vehicle of a value of more than $150, waived indictment and pursuant to plea negotiations whereby another felony charge and five misdemeanor charges were dismissed, pleaded guilty and was sentenced to 1-3 years in the Illinois State Penitentiary.

.The first contention of the defendant is that the court could not accept his plea of guilty under the negotiated plea agreement because he had not validly waived indictment. The second contention of the defendant is that the trial court did not substantially comply with the provisions of Supreme Court Rule 402. Ill. Rev. Stat. 1969, ch. 110A, par. 402.

In substance, the first contention of the defendant is that the court failed to see that the waiver of indictment was understandingly and knowingly made by the defendant. Examination of the record indicates that the court personally inquired of the defendant in the presence of his counsel whether or not it was his wish to waive his right to be indicted by a grand jury and to allow the State's Attorney to proceed upon the information against him. To this inquiry the defendant replied in the affirmative, and thereupon he and his attorney executed a written waiver of indictment.

On November 16, 1971, the defendant appeared before the trial court, having been served with copies of complaints charging him with possession of a motor vehicle known to have been stolen and theft of another motor vehicle. At this time the trial court explained in detail the right of the defendant to be indicted, and the court went on to explain the procedure by which a grand jury would and could indict the defendant. The court then went on to recite the misdemeanor charges against the defendant. Defendant thereupon pled not guilty to the felony charges and the misdemeanor charges. On the 2nd of December, 1971, defendant appeared in court with his counsel who had been appointed approximately 1 week before. The State's Attorney thereupon advised the trial court in detail that the State had entered into a plea agreement with the defendant by and through his counsel whereby defendant would plead guilty to the theft of one motor vehicle,

would waive indictment, and that the sentence agreed upon was 1-3 years, with the understanding that the other felony charge and the five misdemeanor charges would be dismissed. The court then inquired of the defendant as to whether the statement of the State's Attorney was correct. The court then inquired if the defendant wished to waive his right to be indicted by a Grand Jury and, as indicated above, to both inquiries the defendant replied in the affirmative. The court thereupon accepted the plea of guilty to the information as to the one felony charge and sentenced the defendant to 1-3 years in the penitentiary.

In support of his contention that the defendant did not validly waive indictment counsel has cited *People v. Culbert* (1966), 69 Ill.App.2d 162, 215 N.E.2d 470. We do not find *Culbert* to be authority for the defendant's contention. In *Culbert* the trial judge inquired of the defendant, who was without counsel, as to whether he wished to "waive intervention of the Grand Jury" and defendant replied "It's up to you." The court thereupon stated that it was up to the decision of the defendant as to whether he wished to waive the grand jury without explaining to the defendant the right to be indicted if he so chose. We further find that the other cases cited by the defendant in support of this contention, likewise, are not controlling.

In *People v. Sailor* (1969), 43 Ill.2d 256, 253 N.E.2d 397, the supreme court found that a waiver of jury trial by counsel in the presence of the defendant constituted a valid jury waiver by the defendant. The waiver of indictment, likewise, must be determined upon the facts and circumstances in each case as to whether the same is knowingly and intelligently made. In the case before us, unlike *Sailor*, the court inquired of the defendant personally in the presence of his attorney as to whether he waived indictment and a jury trial. We further see no distinction between the waiver of a jury trial under Supreme Court Rule 402 and waiver of indictment under Supreme Court Rule 401. We find that *People v. Sailor* is equally applicable to the waiver of an indictment by counsel in the presence of the defendant as it is to the waiver of jury trial by the defendant in the presence of his counsel. In *People v. Wilson* (1971), 132 Ill.App.2d 537, 270 N.E.2d 88, the appellate court considered a case remarkably similar to the one before us. In *Wilson* the defendant was charged with burglary and at the preliminary hearing the court advised the defendant as to his right to be indicted by a grand jury. The case was passed over and the court offered to continue the case for 1 week. Nonetheless, the defendant proceeded to persist in his plea of guilty and the court sentenced him to the penitentiary. Upon appeal counsel contended, in part, that the court accepted his waiver of indictment and plea of guilty without

advising him of his rights under Supreme Court Rule 401. In considering section 111-2(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 111-2(a) ) and Supreme Court Rule 401(b) (Ill. Rev. Stat. 1967, ch. 110A, par. 401(b) ) (waiver of indictment), the court observed that the advice pertaining to waiver of indictment and the entry of a guilty plea must be considered in a practical and realistic manner and in light of the circumstances surrounding the waiver. The court then held that the defendant therein understandingly waived his right to have the cause presented to the grand jury for indictment.

In the instant case almost the exact situation is presented. The trial court at the preliminary hearing explained in detail to the defendant the right and the procedure followed in grand jury proceedings. Subsequent to this, counsel appeared with the defendant in negotiated plea proceedings and the trial court specifically asked the defendant in his attorney's presence if he waived indictment, to which the defendant replied in the affirmative. Having found the defendant knowingly waived indictment, it obviously follows that the trial court had jurisdiction to accept the negotiated plea of guilty.

■■ Counsel for the defendant next contends that the trial court failed to substantially comply with the provisions of Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402). The first contention is that the trial court failed to explain the nature of the charge against the defendant. In support of this contention the defendant has cited *People v. Hudson* (1972), 7 Ill.App.3d 800, 288 N.E.2d 533. While some confusion may have existed relative to the differentiation between the provisions of Supreme Court Rule 402(a)(1) (the nature of the charge) and Supreme Court Rule 402(c) (determining factual basis for the plea), we do not find in the instant case that the defendant was not advised of the nature of the charge, nor do we find that the trial court failed to determine the factual basis for the plea. The State's Attorney advised the court, in the presence of the defendant and his counsel, that the defendant was charged with the offense of a theft of a car from Whitney Buick, Inc., with a value in excess of $150. In *People v. Bowers* (1971), 47 Ill.2d 585, 586, 268 N.E.2d 13, 14, the assistant State's Attorney stated the facts of the case, the public defender acquiesced in the recital of the anticipated testimony and the supreme court held, "there is a sufficient showing that there is a factual basis for the plea of guilty, and that petitioner understood the nature of the charge." Likewise, in *People v. Mims* (1969), 42 Ill.2d 441, 444, 248 N.E.2d 92, 94, the Supreme Court stated:

"The recital of the anticipated testimony of the witnesses for the prosecution, in the presence of the defendant and his attorneys,

without protest and indeed with acquiescence, demonstrates to our satisfaction that the defendant's conduct falls within the charge to which he pleaded guilty."

(See also *People v. Witherspoon* (1974), 17 Ill.App.3d 842, 308 N.E.2d 844.) In the most recent case of *People v. Krantz* (1974), 58 Ill.2d 187, 317 N.E.2d 559, the supreme court affirmed its ruling in *Mims,* quoting the above. We therefore find that in the instant case the defendant was adequately informed of the nature of the charge.

■■ Insofar as the Supreme Court Rule 402(c) is concerned, *People v. Hudson, supra,* cited by the defendant states that "[a] factual basis [of the plea] may otherwise be demonstrated (1) by having the prosecuting attorney summarize the testimony he could present to show the defendant committed the crime." (7 Ill.App.3d at 803, 288 N.E.2d at 536.) That is what happened in the instant case where, at the time of the negotiated plea statement, in the presence of defendant and his counsel, the prosecuting attorney stated that the defendant, in fact, committed the offense of theft in stealing the car of the value of more than $150 from Whitney Buick, Inc.

The next contention of the defendant is that the trial court erred in failing to admonish the defendant that by pleading guilty he waived his right to be confronted with the witnesses against him. This argument has been answered in *People v. Mendoza* (1971), 48 Ill.2d 371, 373, 270 N.E.2d 30, 32, where the supreme court said:

"It is argued, however, that since defendant was not similarly admonished, on the record, * * * including the privilege against self-incrimination and the right to confront his accusers, the waiver of these rights was not voluntary and intelligent."

The court went on to hold the trial court's admonition to the defendant was in substantial compliance with Rule 402, notwithstanding the fact that the trial court did not advise the defendant of his right to be confronted with witnesses against him. See also *People v. Williams* (1973), 16 Ill.App.3d 199, 305 N.E.2d 544; *People v. Anderson* (1973), 10 Ill. App.3d 558, 294 N.E.2d 763.

■■ Defendant also contends that the trial court did not mention the defendant's right to plead not guilty or to persist in that plea if already made. Examination of the whole record does not indicate this to be correct. The court advised the defendant that he was innocent of the charge until proven guilty, that if he wished to have a trial it would be up to the state to prove him guilty beyond a reasonable doubt, and that he had a right to a jury trial if he wanted one, and that he didn't have to testify against himself. To all of these statements by the court the defendant replied that he understood. We therefore find that there

was substantial compliance in advising the defendant of his right to plead not guilty. See *Mendoza, supra, Anderson, supra,* and *Williams, supra.*

■■ In *People v. Dudley* (1974), 58 Ill.2d 57, 316 N.E.2d 773, unlike the case before us, the plea agreement was not stated in open court. The supreme court held, under Rule 402(b), that the plea agreement should, in fact, be stated in open court and that the trial judge should confirm the terms of the plea agreement. The court, however, went on to hold that failure to comply with these provisions of Rule 402(b) did not necessarily result in a reversal of a conviction. The court stated:

> "There is no claim that the plea of the defendant, who was represented by counsel, was not voluntary. There is no other claim of harm or prejudice to the defendant." (58 Ill.2d 57, 60.)

The court further stated, in quoting *People v. Morehead* (1970), 45 Ill.2d 326, 332, 259 N.E.2d 8, 11:

> " 'It is not the policy of this court to reverse judgment of conviction merely because error was committed unless it appears that real justice has been denied  *  *  *.' " (People v. Dudley (1974), 58 Ill.2d 57, 61, 316 N.E.2d 773.)

Likewise, in *People v. Mendoza* (1971), 48 Ill.2d 371, 374, 270 N.E.2d 30, 32, the court stated:

> "In view of the absence of evidence in the record or by affidavit supporting defendant's claim, that he did not understand the consequences of his plea, and the failure to explain such absence, we find the petition insufficient to require a hearing and its dismissal justified."

While *Mendoza* was in fact a post-conviction petition, we find the same principle applicable as stated in *Dudley.* In the case before us the defendant does not state or allege that the waiver of the indictment or the failure of the trial court to admonish him in detail under Rule 402 did, in fact, result in any substantial injustice to him. It is obvious that the defendant, by a negotiated plea entered into voluntarily by him, resulted in the dismissal of one other felony charge against him and the dismissal of five misdemeanor charges. As in *People v. Sisson* (1973), 15 Ill.App.3d 808, 810, 304 N.E.2d 638, 639, we, too, find:

> "The record leaves no doubt that defendant understood the effect of the waiver of indictment and no claim or prejudice is made here, or is otherwise suggested. *People v. Evans,* 45 Ill.2d 265, 259 N.E.2d 41."

The supreme court in *People v. Krantz, supra,* has confirmed the ruling of this court with relation to substantial compliance with the provisions of Supreme Court Rule 402, *viz:*

"Rule 402 was designed to insure properly entered pleas of guilty, not to provide for merely an incantation or cermonial." (58 Ill.2d 187, 194-195.)

We find that the trial court substantially complied with the provisions of Supreme Court Rule 402. We further find that the defendant knowingly and intelligently waived indictment. We therefore affirm.

Judgment affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.