(No. 42976.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES DALE BOWERS, Appellant.

*Opinion filed March 16, 1971.*

LAWRENCE STEPHEN GALKA, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ROBERT L. BEST, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, James Dale Bowers, appeals from the judgment of the circuit court of Cook County denying his petition for relief filed under the provisions of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, 112—1 *et*

*seq.*) Rule 651(a) provides for appeal directly to this court.

The record shows petitioner was indicted for the crime of robbery (Ill. Rev. Stat. 1969, ch. 38, 18—1,) allegedly committed on November 25, 1966. Upon arraignment he entered a plea of not guilty. Later, represented by the Public Defender, he withdrew the plea of not guilty, pleaded guilty and was sentenced to the penitentiary for not less than 6 nor more than 8 years.

Petitioner contends that from the facts adduced at the time he entered his plea of guilty, it is uncertain whether the crime he committed was theft, burglary or robbery. Based on this premise, he argues the record fails to show that at the time of his guilty plea he understood the nature of the charge, and the trial court entered judgment without determining that there was a factual basis for the plea. He argues he was not adequately represented by counsel in that the Public Defender did not possess the requisite knowledge to perceive the legal distinction between robbery, burglary, and theft, and did not determine that there was a factual basis for the charge of robbery.

The report of proceedings when the plea of guilty was taken shows that the assistant State's Attorney, in the presence of petitioner and his counsel, stated that if William H. Donnelly, then present in court, were to testify, he would state that at approximately noon on November 25, 1966, he was working in a ticket booth in the basement of a Bond's Clothing Store on South State Street in Chicago; at that time petitioner entered the booth with a coat over his arm and said to Donnelly "I want your money, I have a gun." Petitioner then grabbed approximately $720 in cash, ran out of the booth and up the stairs. A police officer apprehended petitioner in the store.

The Public Defender acquiesced in the recital of the anticipated testimony. The transcript shows proper inquiry and admonishment of the petitioner by the trial court and there is a sufficient showing that there is a factual basis for

the plea of guilty, and that petitioner understood the nature of the charge. *People* v. *Mims,* 42 Ill.2d 441.

Petitioner argues the Public Defender failed to consider whether the facts recited to the court were sufficient to support the charge of robbery. He contends only a theft is shown in that there is no basis for holding the taking of the money was accomplished by force, or by threatening imminent use of force. In our opinion the record supports the charge of robbery to which petitioner pleaded guilty and the argument is without merit.

Petitioner testified at the post-conviction hearing that he saw the Public Defender for the first time an hour before he appeared in court to enter his plea of guilty, and the Public Defender did not discuss the facts of the case with him. The Public Defender testified that he first talked with petitioner on December 23, 1966, and discussed the facts and charges with him. An interview form, which the Public Defender completed at this initial meeting, showed that petitioner wanted him to negotiate a plea. He stated he saw petitioner on January 27, February 1 and March 8, 1967, and discussed a plea with the State's Attorney, the trial judge and the petitioner prior to the time petitioner entered the guilty plea. The ruling of the post-conviction hearing judge indicates he believed the Public Defender and we see no reason to disturb this ruling.

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*