THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMIE HOLLAND, Defendant-Appellant.

(No. 71-78; )

Fifth District—November 3, 1971.

Paul Bradley, of Defender Project, of Mt. Vernon, for appellant.

John Lewis Wingate, State's Attorney, of Vienna, for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a conviction on defendant's plea of guilty to the crime of escape in violation of Chapter 108, Section 121, Ill. Rev. Stat. The issue presented is whether defendant was properly advised by the court prior to the court's acceptance of his plea of guilty. The State has failed to file a brief in this appeal.

On September 21, 1970, defendant was arraigned in the circuit court of Johnson County on charges of escape and theft exceeding $150.00. Counsel was appointed to represent defendant and formal reading of the indictments was waived. The case was continued to November 9, 1970, for trial, the defendant having entered pleas of not guilty to both charges.

On December 9, 1970, defendant appeared before the court with his appointed counsel for a change of plea. The court after some admonition accepted a negotiated guilty plea.

Rule 402 of the Supreme Court (Ill. Rev. Stat. 1969, ch. 110A, par. 402), which became effective September 1, 1970, governs this matter. It is to be noted that (a) of that rule prohabits acceptance of a guilty plea without compliance therewith and that the requirements under (d) of the rule are in addition to the preceding paragraphs.

■■ A cursory examination of the transcript of proceedings reveals that the trial court made numerous omissions as to the requirements of Supreme Court Rule 402. Among those omissions, the trial court failed to advise the defendant that the statute under which he was charged (Ill. Rev. Stat. 1969, ch. 108, par. 121), required a sentence consecutive to the one already being served, in contravention of section (a)(2) of the Rule. The court further failed to advise the defendant of his right to be confronted by the witnesses against him, as required by section (a)(4) of the Rule; the trial court failed to determine whether there was a factual basis for the plea, as required by section (c) of the Rule; the trial court failed to advise the defendant of his right to plead not guilty, as required by section (a)(3) of the Rule; nor was the defendant advised of his right to have a trial by jury, as required by section (a)(4) of the Rule. Likewise, although the defendant did sign a waiver of trial by jury, that in itself does not satisfy the language of the Rule requiring the court to address "the defendant personally in open court, informing him of and determining that he understands * * *." It is incumbent that the record affirmatively show that the defendant was fully informed and understands the nature of the proceedings.

The recent case of *People v. Talley* (1971), (Ill.App.2d), 267 N.E.2d 13, involved a similar case, although limited to the failure to explain the right of a trial by jury. This court stated at page 16:

"* * * Where a defendant enters a plea of guilty to a criminal charge the record must affirmatively show that he was advised of his Constitutional right to a trial by jury and that he thereafter knowingly and understandingly waived that right."

We therefore reverse defendant's conviction and remand this cause to the trial court with directions to permit the defendant to withdraw his plea of guilty and plead anew in such proceedings as are consistent with this opinion.

Reversed and remanded with directions.

JONES and MORAN, JJ., concur.