THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BENNIE DUGAN, Defendant-Appellant.

(No. 70-184;

Fifth District—February 24, 1972.

Paul Bradley and Kenneth L. Jones, both of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

■■ The appellant entered a negotiated plea of guilty to voluntary manslaughter on November 12, 1970. The question presented is whether the failure of the trial court to determine whether there was a factual basis for the plea of guilty, as required by Supreme Court Rule 402(c), requires reversal. There is nothing in the record to indicate that the trial judge made any inquiry or determination that there was a factual basis.

■■ Rule 402 calls for substantial compliance with the requirement for a factual basis. This could be accomplished by having the defendant

state what he did, having the State's Attorney state the facts in the presence of the defendant, having the facts stated by a knowledgeable witness, or by examination of a presentence report, or by any other means which seem best for the kind of case involved, (*United States v. Nichols* (D.C.Cir. 1971), 440 F.2d 222, Smith-Hurd, ch. 110A, par. 402, Committee Comments.) There is nothing in the record to show any compliance with the requirement. Accordingly, we reverse and remand the case with directions to permit the defendant to withdraw his plea and to plead anew. *People v. Holland* (1971), 1 Ill.App.3rd 885, 275 N.E.2d 191; *McCarthy v. United States* (1969), 394 U.S. 459; *United States v. Cody* (8th Cir. 1971), 438 F.2d 287; Supreme Court Rule 402(c). (Ill. Rev. Stat. 1971, ch. 110A, par. 402(c)), effective September 1970.

Since defendant is to be permitted to plead anew we do not consider his contention that a four to five year sentence is not sufficiently indeterminate to allow the Parole Board to effectively exercise their discretion.

Reversed and remanded, with directions.