THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRAZER HUDSON, Defendant-Appellant.

(No. 70-155;

Fifth District—October 16, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, (James W. Jerz and Edward N. Morris, of Model District State's Attorney's Office, of counsel,) for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

On September 8, 1970, the defendant with appointed counsel present, pled guilty to the crime of armed robbery. (Ill. Rev. Stat., ch. 38, par. 18—2.) He was sentenced to a term of two to eight years imprisonment in the penitentiary from which sentence he appeals.

The defendant's contentions on this appeal raise two issues: (1) Did the trial court, prior to accepting the plea of guilty, determine that there was a factual basis for the plea as required by Illinois Supreme Court Rule 402(c), and (2) is the maximum sentence of eight years excessive?

Illinois Supreme Court Rule 402 provides in pertinent part:

> "In hearings on pleas of guilty, there must be substantial compliance with the following:
>
>    *   *   *
>
> (c) Determining Factual Basis for Plea.
>
>    The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

Many briefs filed before this court confuse "factual basis" with the requirement of Rule 402(a)(1) that the trial court determine that the defendant *understands* "the nature of the charge."

■■ The crux of the requirement of Rule 402(a)(1) is *understanding.* The nature of a charge consists of two parts: (1) The acts and intent (if any) required to constitute a violation of the provisions of the criminal code, and (2) the alleged acts and intent (if any) with which the alleged acts were committed which are attributed to the defendant in the particular case. These two parts should be explained by the judge to the defendant in open court in laymen's terms. The judge should proceed no further until he is completely satisfied from the defendant's personal remarks in open court that he understands the explanation. The Supreme Court of Illinois, in commenting on the case of *McCarthy v. United States* (1969), 394 U.S. 459, has said:

> "That opinion (McCarthy) emphasizes the importance of personal inquiries addressed to the defendant to ascertain directly his understanding of the nature of the charge against him. And although that decision was 'based solely' upon the Supreme Court's construction of Rule 11 of the Federal Rules of Criminal Procedure, the underlying reasons apply equally to Rule 401 (now, as modified, Rule 402) of this court." *People v. Mims,* 42 Ill.2d 441, 248 N.E.2d 92, 94.

The United States Supreme Court reversed McCarthy's conviction entered on a plea of guilty because the trial judge did not "personally in-

quire whether the defendant understood the nature of the charge" as required by Rule 11, Fed. R. Crim. P.; *McCarthy v. United States*, 394 U.S. 459, 467.

■■ The requirement of Rule 402(c) that there be a factual basis for the plea is met when it appears on the record that there is a basis for reasonably concluding that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty. It is not necessary that it appear on the record beyond a reasonable doubt or even by a preponderance of the evidence that the defendant committed the offense. (See ABA Standards Relating to Pleas of Guilty, Par. 1.6, Approved Draft, 1968). All that is required to appear on the record is a *basis* upon which the judge could *reasonably* reach the conclusion that there is a connection between the defendant's acts and the intent with which he acted *and* the acts and intent (if any) required to constitute the offense to which the defendant is pleading guilty.

■■ Rule 402(c) does not specify any particular method of inquiry into the factual basis of the plea. The judge may utilize any appropriate procedure which will assure a record that demonstrates there is a factual basis for the plea. (ABA Standards and Federal Rule of Criminal Procedure 11, Notes of Advisory Committee on Criminal Rules; *People v. Dugan*, 4 Ill.App.3d 45, 280 N.E.2d 239; *United States v. Nichols* (D.C. Cir. 1971), 440 F.2d 222, 223.) The method which should normally first be employed is to ask the defendant if he actually committed the acts with the intent (if any) required as set out in the indictment and as explained by the judge. This might also be done by simply having the defendant state what he did. If the defendant admits or states that he committed *acts with the intent* (if any) required, then Rule 402(c) is complied with. If the defendant fails or refuses to admit that he committed the crime or professes his innocence, this method of inquiry alone will not produce a record which shows compliance with Rule 402(c). But if the defendant persists in his desire to plead guilty, his plea may still be accepted if a factual basis is otherwise demonstrated. (*North Carolina v. Alford* (1970), 400 U.S. 25, 38.) A factual basis may otherwise be demonstrated (1) by having the prosecuting attorney summarize the testimony he could present to show the defendant committed the crime. (*People v. Bowers*, 47 Ill.2d 585, 268 N.E.2d 13, 14; *People v. Dugan, supra*); (2) by having the facts stated by witness(es), (*People v. Dugan, supra*); or (3) by examination of a presentence report. (*People v. Dugan, supra; People v. Nardi*, 48 Ill.2d 111, 268 N.E.2d 389, 391.) If the third method is used, the judge should state in open court the material he is relying on in determining there is a factual basis for the

plea. However, a mere perfunctory use of one of the above methods will not insulate a conviction entered upon a plea of guilty from reversal if the record does not demonstrate there is a factual basis for the plea.

■■ Subdivisions (a), (b) and (c) of Rule 402 all begin with the statement, "The court shall not * * *." However, the entire rule is prefaced by the statement, "* * * there must be a substantial compliance with the following: * * *". The proper interpretation of Rule 402 must not be that it is merely a suggested approach for the conduct of hearings on pleas of guilty. However, a purely technical error which does not prejudice the defendant will not be deemed less than substantial compliance and therefore will not be cause for reversal of the conviction. *People v. Trenter*, 3 Ill.App.3d 889, 279 N.E.2d 130; *People v. Reed*, 3 Ill.App.3d 293, 278 N.E.2d 524. *Cf People v. Goodman*, 2 Ill.App.3d 584, 277 N.E.2d 136.

The following exchanges between the court and the defendant are particularly relevant to this appeal:

"The Court: And do you understand that the offense of armed robbery of a motel on Highway 460 * * *

Defendant: Yes, I understand it was a motel where an armed robbery was committed.

The Court: And do you understand that by pleading guilty you are admitting some participation in the armed robbery?

Defendant: I don't know.

The Court: I think you should discuss this further with your attorney out of the presence of the court."

The defendant here and his counsel left the courtroom and conferred in private for 25 minutes.

"Defendant's Attorney: In regard to the last question, would you answer that question?

Defendant: Yes.

The Court: Do you fully understand what your counsel has explained to you?

Defendant: Yes, I do, Your Honor.

* * *

The Court: And you have answered all of them in the affirmative and you have further stated that you were a participant to a certain felony committed in this county?

Defendant: Yes."

■■ The defendant's unequivocal admission that he committed the crime to which he is pleading guilty provides a basis for reasonably concluding that the defendant actually committed the crime. Rule 402(c) was complied with and there is no error on this point.

Defendant further asks this court to reduce the maximum sentence of eight years. It is first pointed out that defendant was nineteen years of age at the time he entered the plea of guilty. This must be a clerical error in defendant's brief for he stated to the trial court that he was 25 years old on the day he entered the plea.

■■ Next it is stated in the brief that the "defendant hopes to continue his college education when released and has already been re-accepted * * *." We find no evidence in the record to support this statement and therefore we disregard it.

Finally, it is pointed out that defendant has no prior convictions.

■■ In the light of the nature of the offense of armed robbery and the above information, we find nothing to move us to reduce the maximum sentence.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.