THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOBBY JOE ROLLINS (Impleaded), Defendant-Appellant.

(No. 55892; )

First District—January 25, 1973.

Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane, James Truschke, and David Novoselsky, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Bobby Joe Rollins, pled guilty to two informations charging him with the offense of burglary and received concurrent terms of two to ten years in the Illinois State Penitentiary. In this appeal the defendant argues that it was error for the trial court to accept his guilty plea without first determining that there was a factual basis for the plea as required by Supreme Court Rule 402(c). (Ill. Rev. Stat. 1971, ch. 110A, par. 402(c) eff. Sept. 1, 1970.) Defendant further argues that it was error for the trial court to accept his waiver of indictment without adequate admonishment as to the effect of such waiver.

We reverse and remand.

The proceedings in the trial court were as follows: On January 21, 1971, the defendant appeared in circuit court along with his brother, a

co-defendant, charged in two informations with separate offenses of burglary. He signed a waiver of indictment and waiver of trial by jury. The defendant was then arraigned on both informations and entered a plea of guilty to both charges. The trial judge admonished defendant that by pleading guilty he was waiving his right to have his case presented to the Grand Jury and his right to a jury trial. Defendant was also informed as to the minimum and maximum sentences that could be imposed upon him for each offense. Defendant persisted in his plea of guilty, and his plea was accepted. Matters in aggravation and mitigation were waived, and the defendant was sentenced as aforementioned. At this point defense counsel requested the return of money taken from the defendants upon their arrest. The trial judge ordered that a portion of the money taken from defendants be returned to one of the victims of the burglary and the balance, if not connected with any burglary, be returned to defendants. The defendant was then informed of his right to appeal after which the proceedings were ended.

■■ ˙ The defendant argues that it was error for the trial judge to accept his plea of guilty where there is no indication that the trial judge made any inquiry or determination that there was a factual basis for the plea. We agree. *People v. Dugan* (1972), 4 Ill.App.3d 45, 280 N.E.2d 239.

Supreme Court Rule 402 governing the acceptance of guilty pleas requires in part:

"The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." Ill. Rev. Stat. 1971, ch. 110A, par. 402(c).

■■ The Committee Comments further clarify the rule by stating that "* * * no particular kind of inquiry is specified; the court may satisfy itself by inquiry of the defendant or the attorney for the government, by examination of the presentence report, or by any other means which seems best for the kind of case involved." (S.H.A., ch. 110A, par. 402, Committee Comments.) See also, *McCarthy v. United States* (1969), 394 U.S. 459; A.B.A. Standards at 30-34.

The State's Attorney, during oral argument before this court, stated that there was no indication that the trial judge attended any pretrial conference during which the factual basis of the alleged offenses were discussed or made known, and there is nothing in the Report of Proceedings to show compliance with the requirements of Rule 402(c). Accordingly, we reverse and remand this case with directions to permit the defendant to withdraw his plea and plead anew. *People v. Dugan* (1972), 4 Ill.App.3d 45, 280 N.E.2d 239; *People v. Holland* (1971), 1 Ill.App.3d 885, 275 N.E.2d 190.

Since defendant is to be entitled to plead anew, it is unnecessary to consider defendant's second argument that it was error to accept his waiver of indictment where the trial judge failed to adequately admonish him.

Judgment reversed and remanded.

DEMPSEY, P. J., and McNAMARA, J., concur.