THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK FULLER, Defendant-Appellant.

(No. 71-344; ▮▮▮▮▮▮▮)

Fifth District—March 8, 1973.

Robert E. Farrell, of Defender Project, of Mt. Vernon, for appellant.

No appearance for the People.

Mr. JUSTICE CREBS delivered the opinion of the court.

Defendant, Frank Fuller, was charged with six counts of deceptive practices in violation of Ill. Rev. Stat. 1971, ch. 38, par. (7—1(d)), as a result of the issuance of six checks, no one of which exceeded $10 in amount. Defendant, who had been found to be indigent and was not represented by counsel, entered a guilty plea to the charges in the Circuit Court of Union County and received five years probation. On appeal the defendant maintains that the trial court erred in that it entered final judgment without first determining if there was a factual basis for the guilty plea. Defendant has raised other issues on appeal which we need not consider in view of our finding on this issue.

Before accepting the defendant's guilty plea the judge questioned him about the particulars of the offense. Defendant stated that he had a checking account with the First National Bank of Red Bud with a balance of $114, that the bank had transferred these funds and applied them to a loan he owed the bank and had not notified him of the transfer.

■■▮ Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par.

402C), requires that there be a factual basis for a plea of guilty before the court may enter a final judgment. If these statements were correct, defendant was not guilty of the crime charged. Certainly they did not constitute a factual basis for the plea, nor were there other statements in the record which could be construed as a factual basis.

We therefore reverse and remand with instructions to allow defendant to plead anew. *People v. Dugan,* 4 Ill.App.3d 45, 280 N.E.2d 239.

Reverse and remand.

EBERSPACHER, P. J., and G. MORAN, J., concur.