THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES B. FARNSWORTH, Defendant-Appellant.

(No. 72-153; )

Second District—April 5, 1973.

Richard L. Cooper, of Geneva, for appellant.

William R. Ketcham, State's Attorney, of Elgin, (W. Ben Morgan, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals from an order denying his post-conviction petition after an evidentiary hearing.

On October 1, 1968, defendant was indicted for the crimes of attempt murder and attempt armed robbery. On January 13, 1969, he pled guilty to the charge of attempt murder and was sentenced to serve 10 to 20 years in the penitentiary. The charge of attempt armed robbery was dismissed.

It being the contention of the defendant that the court failed to ascertain that he understood the nature of the offense charged, our consideration will be directed to the sole question of whether the trial court, under the circumstances of this case, erred in accepting the plea of guilty.

At the time the plea was accepted, Rule 401(b) (Ill. Rev. Stat. 1967, ch. 110A, sec. 401(b)) was in effect requiring that, before accepting a plea of guilty, a trial judge should first determine that the defendant understood the nature of the charge. The record herein reveals that the defendant was informed that he was pleading guilty to the crime of attempt murder. Ordinarily, this would have apprised him of the nature of the charge. *People v. Trenter*, 3 Ill.App.3d 889, 891 (1972); *People v. McGrady*, 131 Ill.App.2d 836, 840 (1971); *People v. Carter*, 107 Ill.App.2d 474, 477 (1969).

Count I of the indictment, under which the defendant entered his plea,

charged attempt murder and was drawn in the language of Sections 8—4(a) and 9—1(a) of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, secs. 8—4(a), 9—1(a)). All of the sub-paragraphs of Section 9—1(a) were alleged in the disjunctive, the relevant part stating that the defendant shot one Rodholm "while he [defendant] was attempting or committing a forcible felony other than voluntary manslaughter, to wit: armed robbery". See, Section 9—1(a)(3).

During the hearing on the plea, the defendant persisted in declaring to the court that he was not pleading guilty to those portions pertinent to Sections 9—1(a)(1) or (a)(2), but only to that portion which charged him under (a)(3), commonly referred to as the "felony-murder" doctrine. He ultimately explained his specificity by saying, "I didn't intend to kill anyone, but I did shoot him with intent to commit the robbery."

For reversal, the defendant cites *People v. Davis*, 6 Ill.App.3d 622 (1972). There it was held that attempt murder must be predicated upon a specific intent to kill and that a conviction on such charge cannot be sustained under the "felony-murder" doctrine unless such intent is proved. See also, *People v. Palmer*, 31 Ill.2d 58 (1964); *People v. Coolidge*, 26 Ill.2d 533 (1963).

■ Under Section 9—1(a)(3), the "felony-murder" doctrine, specific intent is not a requisite to being found guilty of murder, yet under Section 8—4(a), attempt, specific intent is required for attempt murder. Thus, strict application of the statutes leads to the necessary but illogical conclusion that if, in the course of a forcible felony, the victim is shot and dies, the perpetrator may be found guilty of murder, but if, as in the instant case, the victim lives, attempt murder cannot be sustained without the allegation and proof of specific intent.

■■ The case before us is not one in which a defendant admits all of the necessary elements of an offense but claims affirmative matters by way of defense. Rather, defendant here specifically informed the court that he was not guilty of one of the essential elements to the charge—intent to kill. The contradiction between his plea and his statement was sufficient to have placed the court on notice that defendant did not understand the nature of the charge. Not having resolved this conflict, the court should have refused the plea.

The judgment of conviction is reversed and the case is remanded with directions to allow the defendant to withdraw his plea of guilty and plead anew.

Reversed and remanded with directions.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.