THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL TERRELL, Defendant-Appellant.

(No. 72-58; )

Third District—December 4, 1973.

Robert Agostinelli, Assistant Appellate Defender, of Ottawa, for appellant.

James Christy, Assistant State's Attorney, of Peoria, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant, Daniel Terrell, pursuant to a negotiated plea entered a plea of guilty to the charge of armed robbery. The Circuit Court of Peoria County sentenced the defendant to a term of not less than five (5) nor more than ten (10) years in the penitentiary.

The defendant contends in this appeal that the trial court failed to inquire into the factual basis for the guilty plea as required by Supreme Court Rule 402(c) (Ill. Rev. Stat., ch. 110A, sec. 402(c)) which reads:

"The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

In examining the record the only indication we find that could possibly be construed as an effort on the part of the trial court to determine that there was a basis for the crime of armed robbery appears in the following colloquy:

"Court: Did you in fact have on or about February 4, 1971 a sawed off shotgun?
Defendant: Did I have one?
Court: Yes.

Defendant: Yes, I did.
Court: And did you obtain money?
Defendant: Yes, I did."

We fail to see how the foregoing can constitute compliance with Supreme Court Rule 402(c). While we are cognizant of the fact that no particular kind of inquiry is specified, we believe that the foregoing colloquy is too meager and cannot be interpreted as establishing the basis for the crime for which the defendant was charged. There is a failure to set forth the particular acts of the defendant as well as an effort to determine if he possessed requisite intent which is an essential ingredient to the crime of armed robbery. The colloquy between the court and defendant leaves too much to speculation and conjecture. The record in this case fails to show how the trial court satisfied itself that a factual basis for the plea existed and it is therefore necessary that we reverse and remand this case with directions to permit the defendant to withdraw his plea and plead anew. See *People v. Pruitt*, 7 Ill.App.3d 808, 288 N.E.2d 549; *People v. Rollins*, 9 Ill.App.3d 1011, 293 N.E.2d 733.

Since defendant is to be entitled to plead anew, it is unnecessary to consider his argument that the trial court committed error by failing to inform him of the nature of the charge or to determine that he understood the nature of the charge.

Reversed and remanded.

STOUDER and DIXON, JJ., concur.