THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES W. SOLESBEE, Defendant-Appellant.

(No. 72-195;

Second District—February 4, 1974.

Ralph Ruebner, Deputy Defender, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (John D. Gorby, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

From a negotiated plea of guilty and a sentence of from two to five years, defendant appeals claiming the trial court erred by not conducting an incompetency hearing and not properly admonishing him under Supreme Court Rule 402.

In the related plea agreement, the State, in return for defendant's plea of guilty to the offense of aggravated battery, was to recommend a sentence of two to five years and dismiss a pending charge of rape against him. After the court admonished the defendant, but before accepting the plea, it inquired if any evidence was to be offered in aggravation or mitigation of the offense. Defendant's counsel replied:

> "I would just make a small representation to the Court, if the Court cares. This defendant has been for some time under psychiatric treatment on a week to week basis at the Mental Health Center and he did admit the offense to his therapist at the Mental Health Center who then called the police while Mr. Solesbee ran instead of threatening [sic] to turn himself in."

Based upon this response and in reliance upon *State v. Harvey*, 5 Wash. App. 719, 491 P.2d 660 (1971), defendant asserts that the court should have terminated the proceedings and sua sponte instituted a competency hearing. It is argued that failure to do so amounted to the acceptance of an involuntary plea of guilty. We have read the cited case and find it to be inapposite to the factual situation presented here.

■■ Whenever the trial court, through its own observation or otherwise, becomes aware of facts which raise a bona fide doubt as to defendant's present sanity, it has a duty to cause a sanity hearing to be held, *People v. Burson*, 11 Ill.2d 360, 370 (1957).

In the instant case no mention of or motion for a competency hearing was made. Aside from the quoted portion, the record is completely void of any facts which would bear upon defendant's fitness, mental or physical, to understand the nature and purpose of the proceedings against him or to assist in his defense. On the contrary, the record reveals defendant conducted himself in a lucid, rational manner and understood the nature and purpose of the proceedings. Without other strong indications of incompetency, defense counsel's statement, standing alone, was insufficient to raise a bona fide doubt (*People v. Franklin*, 48 Ill.2d 254, 256-257 (1971)), and when no request for a hearing is made, absent other compelling factors, it is not necessary for a court to order a competency hearing sua sponte. *People v. Skorusa*, 55 Ill.2d 577, 583 (1973).

It is next argued that the admonition failed to include a factual basis

for the plea of guilty (Supreme Court Rule 402 (c)). In explaining the nature of the charge, the court, reading from the information, stated:

> "The matter about which you stand before the Court this morning is the offense of aggravated battery, and in that charge you are accused of knowingly and intentionally, without legal justification, committing a battery upon Fay E. Rhodes which caused great bodily harm to Fay E. Rhodes. The term 'battery'. as used in this charge means intentional or knowing and by any means causing bodily harm to Fay E. Rhodes. Do you have any question at all as to what you are accused of in that information?
> Defendant: No, sir."

Later in the admonition, the court stated:

> "Do you enter this plea for any other reason other than that back on December 8, 1970, you did knowingly and intentionally, without legal justification, commit a battery upon Fay E. Rhodes, by causing great bodily harm to Fay E. Rhodes?
> Defendant: That's right."

■■ The factual basis is established when the record discloses sufficient facts for the court to determine that the defendant actually committed the crime as charged, and the defendant understands that his acts constituted the crime to which he pleads. (*McCarthy v. United States*, 394 U.S. 459, 22 L.Ed.2d 418, 426, 89 S.Ct. 1166 (1969); *People v. Hudson*, 7 Ill.App.3d 800, 803 (1972).) It is defendant's contention that the latter quoted admonition was nothing more than a reiteration of the nature of the charge. We disagree. The court's further inquiry into the acts committed by the defendant and defendant's resultant admission created sufficient factual basis for the acceptance of the plea of guilty.

Pending appeal, defendant moved for a summary modification of sentence under the Unified Code of Corrections. By answer, the State conceded that the defendant was entitled to a modification of sentence but requested this court to remand the case to the trial court for such purpose. We accede to this request.

In accordance with the foregoing, the conviction herein is affirmed and the cause remanded to the circuit court for sentencing pursuant to the provisions of the Unified Code of Correction.

Conviction affirmed; cause remanded with directions.

GUILD, P. J., and SEIDENFELD, J., concur.