THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERMAN HOLMES, Defendant-Appellant.

(No. 73-51;

Third District—April 23, 1974.

James Geis, Deputy Defender, of Ottawa (Stephen Hurley, Assistant Appellate Defender, of counsel), for appellant.

Martin Rudman, State's Attorney, of Joliet (George Bellas, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After pleading guilty to the offense of voluntary manslaughter the defendant, Herman Holmes, was sentenced by the circuit court of Will County on September 10, 1971, to a term of from 4 to 12 years in the penitentiary. On this appeal defendant urges the record fails to show his plea was voluntarily and understandably made because the court failed to properly admonish him of the nature of the offense charged. This is the only respect in which defendant claims any deficiency in the court's compliance with Supreme Court Rule 402. Ill. Rev. Stat. 1971, ch. 110A, sec. 402.

Defendant was initially charged with murder but after plea negotia-

tions the defendant agreed to plead guilty to the offense of voluntary manslaughter if the murder charge was dropped. No recommendation on sentence was included in the plea bargain. A hearing was held with respect to the waiver of indictment and after such waiver was accepted by the court, the defendant pleaded guilty to a charge contained in an information of voluntary manslaughter.

Relevant to the nature of the offense charged, the following appears from the record at the hearing on waiver of indictment:

"Q. You promise if there is anything that is not clear in your mind you will ask questions and find out what the problem is?

A. I will.

Q. All right. Now, the State has filed a paper called an information which charged you with the offense of voluntary manslaughter. It says that on or about May 29, 1971, you killed Homer Trammel, without lawful justification. I'n not going to read it all to you. I'm just going to tell you generally what it's about.

MR. VINSON: Your Honor, the record can show that we have a copy of it and Mr. Holmes has read it.

THE COURT: All right.

MR. VINSON: That is the copy we have.

THE COURT: Now, Mr. Holmes, the charge of voluntary manslaughter is that you killed Homer Trammel, you didn't have any legal right to do it, you shot him with a gun, and that was near 362 North Bluff Street, City of Joliet, Will County, Illinois. And at the time you shot him you were under an intense passion. Do you understand what I said?

MR. HOLMES: Yes.

\* \* \*

[EXAMINATION BY THE COURT: Continuing]

Q. Resulting from serious provocation. That charge says that Homer Trammel provoked you. Do you understand that?

A. Yes."

The court then proceeded on the verified information, and after having read the charge to him by the court, the defendant entered a plea of guilty to the charge of voluntary manslaughter. However, before accepting the defendant's plea of guilty the court admonished the defendant pursuant to Supreme Court Rule 402(a) by advising him of the minimum and maximum sentence, right to a jury trial, whether the plea was voluntary, and the nature of the charge, which was done in the following manner:

"Q. Now, I've told you before that you are facing the charge of voluntary manslaughter and the charge is that you killed Homer

Trammel, you didn't have any legal justification for killing him, you killed him with a hand gun on Bluff Street in Joliet. At the time you killed him you were acting under an intense passion and that came from provocation by Homer Trammel.

Do you understand that charge?

A. Yes.

Q. That is what you are charged with doing?

A. Yes."

■■ Defendant seeks to bring this case within the rule as applied in *People v. Krantz,* 12 Ill.App.3d 38, 297 N.E.2d 386 and *People v. Farnsworth,* 10 Ill.App.3d 844, 295 N.E.2d 83. Advising the defendant of the nature of the offense should be done in simple layman's language which can be understood by reasonable men. *People v. Hudson,* 7 Ill. App.3d 800, 288 N.E.2d 533, and *People v. Ingeneri,* 7 Ill.App.3d 809, 288 N.E.2d 550.

Defendant complains that the use of the term "without legal justification" is not readily understandable and that in the instant case the defendant's lack of understanding is demonstrated by an additional reference in the record. Defendant applied for probation and at a combined hearing on his petition for probation and in aggravation and mitigation the defendant testifying in his own behalf indicated that he was not the attacker.

■■ We believe the position of the defendant at his sentencing hearing was designed to minimize the culpability of his conduct and indeed the defendant seems to concede this position in his brief because he fails to describe the facts of the offense which were presented at the hearing in great detail. In explaining the nature of the offense we do not believe the rule requires that matters which may be urged by way of defense need be specified or itemized. Such matters generally relate to the negativing of the elements of the offense and consequently are explicit without further explanation. While it well may be that something may occur later in the proceeding, such as in *People v. Farnsworth,* 10 Ill.App.3d 844, 295 N.E.2d 83, indicating the defendant may not have understood the nature of the offense thereby requiring additional explanation, we believe that the defendant's effort in this case to describe his conduct with a view toward securing a reduced penalty falls short of indicating any lack of understanding of the nature of the charge.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

SCOTT, P. J., and ALLOY, J., concur.