THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TED WILLIAMS, Defendant-Appellant.

(No. 73-108; ▉▉▉▉▉▉▉▉▉)

Third District—March 5, 1975.

John L. Barton, of Barton & Barton, of Marseilles, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James Christy, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Ted Williams, was charged by indictment with two counts of attempt murder and two counts of aggravated battery. On September 11, 1972, he pleaded guilty to one count of aggravated battery and was sentenced by the circuit court of Peoria County to a term of from 1 to 3

years to the Department of Corrections. The other counts were dismissed. Defendant's guilty plea was not the result of a plea bargain or any agreement concerning a recommended disposition.

On this appeal the principal question presented is whether the record discloses defendant's guilty plea was voluntarily and understandably made. Defendant's claim was the court erred in accepting his plea of guilty after he advised the court that he was not guilty. The court admonished the defendant in detail as required by Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) and there is no contention made that any particular admonition as required by Rule 402 was inadequate.

> "The judge advised Ted Williams of the possible penalties which could be imposed on such a plea and of his right to trial by jury and to confront the witness against him. The judge then asked the State's Attorney:
>
> THE COURT: All right. Mr. Courson, would you describe to the Court the facts to which the witnesses would testify in connection with each of these cases if there were to be a trial?
>
> MR. COURSON: Your Honor, my knowledge of the facts is sketchy, but briefly it is my understanding that there was an altercation involving these two people and the victim as alleged in the Indictment, Will Singleton, and that these people approached the automobile in which Mr. Singleton was riding and each of them fired a pistol or a firearm into the window of the car striking him and causing him severe bodily harm.
>
> The judge then asked Ted Williams:
>
> THE COURT: Do you know of any reason why you should not plead guilty to Count III of the Indictment?
>
> TED: Do I know? I was tryin' to defend myself.
>
> THE COURT: Are you pleading guilty to Count III of the Indictment, which charges you with Aggravated Battery, because you are guilty of the charge in Count III?
>
> TED: Yes.
>
> THE COURT: Are you guilty of doing the act or acts as charged in that Count?
>
> TED: Yes.
>
> The trial judge determined that there had been no plea negotiation or agreement;
>
> THE COURT: Have the record show that the Court finds the age of the Defendant Ted Williams to be 20 years. Mr. Ted Williams, are you entering this plea of guilty as a result of any agreement that anybody has made? In other words, has anybody agreed

that you would receive a certain sentence or a certain disposition of this case?

TED: No.

He then accepted the tendered plea of guilty."

The above colloquy is of course only part of the statements, questions and answers which took place at the hearing where defendant's plea was accepted. Defendant applied for probation, which was denied, and after a hearing in aggravation and mitigation a prison sentence was imposed.

It is the statment by the defendant "I was tryin' to defend myself" which the defendant on this appeal now asserts was a claim that he was not guilty and as a consequence thereof that the entire guilty plea proceeding is vitiated.

■■ To determine whether the purpose of Supreme Court Rule 402 is achieved, namely, that the record affirmatively demonstrates defendant's plea is voluntarily and understandably made, the entire proceeding must be considered as a whole. Often the defendant has in open court declared his innocence and filed his not guilty plea. Nevertheless, thereafter, when the defendant had been advised of the nature and consequences of the guilty plea so that he can intelligently, either alone or in conjunction with his counsel, determine what course of action should be followed, the court is justified, after making the appropriate inquiries, in accepting a guilty plea.

■■ The only doubt or weakness appearing in the record is the single response heretofore referred to, and it is our conclusion that when this response is viewed in light of the other questions and answers such response is insufficient to demonstrate defendant's plea was either involuntary or not understandably made. Of particular significance in this regard is the absence of any dispute or intimation of disagreement concerning the recital of the facts surrounding the event as presented to the court. Defendant was represented by counsel, persisted in his plea of guilty and even after applying for probation and having a hearing in aggravation and mitigation the record is devoid of any other suggestion from which it may be inferred the defendant believed himself to be not guilty of the crime or casting doubt on the initial stages of the proceeding. As in *People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533, we believe a single inconsistent statement is insufficient to cast doubt on the affirmative evidence in the record and suggest either the defendant was confused or he was intending to minimize the seriousness of his conduct. This is not a case as in *People v. Farnsworth*, 10 Ill.App.3d 844, 295 N.E.2d 83, the principal case relied upon by the defendant, where the defendant persisted in his declarations of innocence and of absence of any intention to commit the offense.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.