THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BETTY KOLLMANN, Defendant-Appellant.

(No. 75-102;

Fifth District—November 14, 1975.

*Rehearing denied December 12, 1975.*

G. MORAN, J., concurring in part and dissenting in part.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Frank G. Schneiderjon, State's Attorney, of Effingham (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant, Betty Kollmann, was convicted of forgery and deceptive practices upon her plea of guilty in Effingham County. She was sentenced to from one to three years for forgery and 364 days for deceptive practices, the sentences to run concurrently. On appeal, she contends that the court failed to comply substantially with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) and that the sentencing proceedings were improper.

The record indicates that the two charges arose from separate transactions. The forgery charge was based on a check, admittedly written and issued by the defendant to a business in Effingham, Illinois. The ten dollar check, drawn on the Effingham State Bank, was signed "Betty Warner." The name "Warner" was that of a man with whom defendant was living at the time. The deceptive practice charge was based on a $11.03 check, allegedly drawn on the First National Bank of Altamont, Illinois, and issued to an Effingham merchant. That check was signed "Betty Kollmann."

Defendant first contends that the court failed to determine that a factual basis existed for the plea of guilty to forgery. The trial court asked the State's Attorney to provide the factual basis for the plea. He simply paraphrased the language of the complaint, defendant having previously waived indictment. The following then transpired:

"The Court: Is that what happened, Betty?

Mrs. Kollmann: I didn't do it to hurt anybody else. I went by that name for a long time. That's the way I signed the check—I didn't sign it Betty Kollmann.

The Court: But your name is Betty Kollmann, is that right?

Mrs. Kollmann: Uh-huh.

The Court: The court finds there is a factual basis for the plea."

The court then proceeded with sentencing. The State's Attorney recommended a sentence of from two to six years, stating that defendant had written eleven worthless checks under the name "Warner" and eight under the name "Kollmann":

"The Court: They were returned?

Mr. Schneiderjon [State's Attorney]: They were returned by the bank of no account your Honor.

Mrs. Kollmann: There is a Betty Kollmann, a Betty Kollmann account—that's my account.

The Court: Do you know whether they closed the account because of inactivity? That's possible.

Mrs. Kollmann: I don't know."

Defendant's mother then apprised the court of her opinion that defendant required psychiatric help and stated that defendant had been under treatment. The court rejected the suggestion of mental health treatment and did not inquire of defendant about her need for treatment or her present mental condition. Defendant was not represented by counsel at any stage of the proceedings.

Both defendant and the State ask us to consider documents in the record which were not connected with the guilty plea proceedings. Defendant filed a petition for relief under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), supported by several affidavits. Defendant argues that these documents, when read with the transcript of the plea proceedings, negate the factual basis for the forgery charge. The State, on the other hand, argues that the documents help to establish a factual basis. The sworn affidavits stand uncontradicted in the record. The docket entries, however, reflect that a hearing on the section 72 motion was held and arguments of counsel were heard. The motion was denied and a notice of appeal was filed. There is no indication, however, that this appeal was ever prosecuted. The record before us does not contain the transcript of the hearing on the section 72 motion, even though the points raised in that motion closely parallel those raised in the instant appeal. Thus we are not informed of any denial of the allegations by the State. On appeal, however, the State asks us to consider the affidavits as support for its position and thus appears to vouch for their truthfulness.

· The affidavits filed in conjunction with the section 72 petition were intended generally to negate any intent to defraud on the part of de-

fendant. They indicate that defendant chose to be known by the name "Warner," received a paycheck in that name, and had asked friends and relatives to address her as such. The affidavits further stated that she had written an acount number, purportedly that of an account owned by Betty Kollmann, on each check. She further averred that she intended to repay the checks. In short, the record negates any suggestion that she intended to misrepresent her identity.

Section 17—3 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 17—3) states in pertinent part:

> (a) A person commits forgery when, with intent to defraud, he knowingly:
>
> > (1) Makes or alters any document apparently capable of defrauding another in such manner that it *purports to have been made by another* or at another time, or with different provisions, or by authority of one who did not give such authority; * * *. (Emphasis added.)

■■ The primary purpose of Supreme Court Rule 402(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(c)) is to provide an independent determination that the acts admitted by a defendant in the guilty plea constitute the offense with which he is charged. (*People v. Edmonds,* 15 Ill.App.3d 1073, 305 N.E.2d 346 (1973); *People v. Hudson,* 7 Ill.App.3d 800, 288 N.E.2d 533 (1972).) It appears from the record that defendant signed the check in question with a name by which she chose to be known. She also added the number of a bank account previously owned by Betty Kollmann. Both checks appear to have been "counter" checks rather than imprinted checks. Neither check, however, was before the court at the time of the guilty plea nor are they contained in the record before this court. Had she signed "Kollmann" to the check instead of "Warner," the offense would have been identical to that for which the deceptive practices charge was filed. On the record before us, we cannot say that the court could determine that the check purported to have been made by another, or that the payee did not know Betty Kollmann and extended credit to the defendant only because of her represented identity as "Warner" instead of "Kollmann."

■■ The affidavits contained in the record, however, clearly establish that defendant knew that the check which was the subject of the deceptive practices charge was issued with intent to defraud and would not be honored by the depository. We believe that a factual basis was established from which the court could determine that defendant had violated the provisions of section 17—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 17—1).

■■ Defendant complains that the court erred in failing to repeat all admonitions required by Rule 402 before accepting the plea of guilty to deceptive practices. The record read as a whole indicates that the plea was entered intelligently and voluntarily (*People v. Krantz*, 58 Ill. 2d 187, 317 N.E.2d 559 (1974)), and the court's failure to repeat the admonitions in the brief plea proceedings was not reversible error.

The judgment and sentence of the Circuit Court of Effingham County for deceptive practices is affirmed. The judgment and sentence for forgery is reversed and the cause remanded with instructions that defendant be allowed to plead anew.

Affirmed in part; reversed in part; cause remanded with instructions.

EBERSPACHER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, concurring in part and dissenting in part:

I concur in the reversal of the judgment and sentence for forgery. I dissent, however, from the affirmance of the defendant's conviction for deceptive practices.

To comply with Illinois Supreme Court Rule 402(a) in accepting the defendant's plea that she was guilty of deceptive practices, the circuit court also had to inform the defendant of the maximum and minimum to determine that she understood the nature of the charge. The circuit court also had to inform the defendant of the maximum and minimum sentence that could be imposed on her if she pled guilty to the charge of deceptive practices. In addition, Illinois Supreme Court Rule 402(c) required the circuit court to determine, before entering final judgment on the plea of guilty, that there was a factual basis for the plea. None of these things was done at the guilty plea hearing.

The majority holds that affidavits which were filed by the defendant long after the guilty plea hearing made the defects of the guilty plea hearing inconsequential. This is contrary to the pronouncement of the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969).

*Boykin* said that a judge who accepts a guilty plea must develop a record adequate to show that the plea was made voluntarily and understandingly. The record to which that case referred was the record of a defendant's arraignment.

When a guilty plea hearing is inadequate, the record of that proceeding is necessarily inadequate, and the rule of *Boykin* is violated. That is what has happened in the present case.