*In re* S.B., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. S.B., Respondent-Appellant).

First District (3rd Division)    No. 83—1031

Opinion filed October 10, 1984.

Steven Clark and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, James S. Veldman, and Elizabeth Loredo Rivera, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court:

The two-count petition for adjudication of wardship filed in reference to the minor respondent, S.B., alleged that he was delinquent in that he committed the offense of aggravated battery against both Bernie Cleveland and Victoria Cleveland. The first count alleged that respondent shot Bernie Cleveland in the left thigh with a revolver; the second count alleged that he shot Victoria Cleveland in the right arm with a revolver. Pursuant to an agreement with the State, respondent, represented by appointed counsel, entered an admission to the second count of the petition in exchange for the dismissal of the first count and a recommendation by the State of a two-year period of probation. The trial court made a finding of delinquency based upon the admission and found that it was in the best interest of respondent and the public that he be made a ward of the court. After a disposi-

tional hearing, the trial court refused to follow the State's recommendation of two years' probation and committed respondent to the Juvenile Division of the Department of Corrections. Subsequently, S.B. filed a motion to withdraw his admission. This motion was denied, and respondent now appeals.

Respondent first raises two issues as to the adequacy of the proceedings in the court below at the time of his "admission." First, he contends that the trial judge failed to admonish him that he was not bound by the State's recommendation of probation and that this failure constituted a denial of due process of law. In making this argument, respondent, citing *In re Beasley* (1977), 66 Ill. 2d 385, 391, 362 N.E.2d 1024, *cert. denied* (1978), 434 U.S. 1016, 54 L. Ed. 2d 761, 98 S. Ct. 734, concedes that Supreme Rule 402 (87 Ill. 2d R. 402), which sets forth standards governing the acceptance of guilty pleas in criminal proceedings, does not apply to juvenile court actions. He does, however, rely on the following language from our supreme court's opinion in *Beasley*:

> "Since *** the specific requirements of Rule 402 are not applicable to the peculiar protective procedures granted to juveniles, in the context of the instant case the quoted language from [section 1—2(3)(a) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 701—2(3)(a))] means only that admissions in a Juvenile Court Act proceeding are entitled to protection at least equal to that constitutionally required for the making of guilty pleas in criminal trials. That is, the admission must be made intelligently and voluntarily, though not necessarily in accordance with Rule 402." (66 Ill. 2d 385, 391, 362 N.E.2d 1024.)

Later, in the same opinion, our supreme court stated:

> "It is sufficient to satisfy due process requirements that it be apparent from the record that the minors were aware of the consequences of their admissions; that is, that they understood their rights against self-incrimination, their rights to confront their accusers and their rights to a trial; that by the admissions they waived these rights and that the waiver conferred upon the court the authority to treat them in a manner authorized by the Juvenile Court Act." 66 Ill. 2d 385, 392, 362 N.E.2d 1024.

In our opinion, it is apparent from the record that the respondent understood his rights and was aware of the consequences of his admission. At the adjudicatory hearing, the court and the respondent engaged in the following colloquy:

> "THE COURT: *** I want you *** to understand that if you

admit to these charges I have the authority and could commit you to the Juvenile Division of the Department of Corrections which could place you in a program, institution which it considers proper until you reach the age of 21 years; or you could be placed on probation for a period up to five years or until you reach the age of 21 years, whichever comes first; or you could be held in the Audy Home for a period up to 30 days; or as a condition of your probation you could be required to serve up to 30 days in the Audy Home. You understand the possible consequences of making an admission to that charge?

RESPONDENT: Yes.
\*\*\*

THE COURT: I want \*\*\* you to further understand you have a right not to enter an admission to this petition and a right to continue your denial of the charges. You understand that, [S.B.]?

RESPONDENT: Yes.
\*\*\*

THE COURT: \*\*\* In your case, [S.B.], there is an agreement that you be placed on probation—at least the State would recommend that you be placed on probation for a period of two years if the Court accepts your admission. You understand that?

RESPONDENT: Yes, Your Honor.
\*\*\*

THE COURT: Has anyone made any promises or threats to \*\*\* you, your parents, your attorney, any of your friends or anyone else in order to get you to make this admission. What is your answer to that [S.B.]? Has anyone made any promises to you, any threats to you in order to get you to admit to these charges against you?

RESPONDENT: No, Your Honor."

■ Thus, the record shows that the trial judge admonished respondent as to possible dispositional orders. These admonishments, which included a statement that respondent could be committed to the Juvenile Division of the Department of Corrections and a statement that the State would recommend probation, lead us to conclude that respondent understood the consequences of his admission. Accordingly, we hold that respondent was not denied due process of law because of the trial court's failure to admonish him expressly that it was not bound by the agreement between respondent and the State.

We also observe that respondent was represented by counsel who

had informed him of his constitutional rights and appeared with him in court. At the hearing on respondent's motion to withdraw his admission, his attorney, in response to questions posed by the trial judge, stated that he had informed his client that the State had offered probation and did not tell him that the court was going to place him on probation. In *Beasley*, our supreme court stated, "courts can, to a degree, at least, rely upon the protection which a minor receives through the representation of counsel in assuring that the admissions are voluntary and are not made in ignorance of his rights." *In re Beasley* (1977), 66 Ill. 2d 385, 397, 362 N.E.2d 1024.

■■ Respondent's second contention concerning the adequacy of the proceedings in the court below at the time of his admission is that he was denied due process of law because the record fails to demonstrate the existence of a factual basis for his admission. In response to this contention, the State argues both that there is no need for a factual basis to be established before a court accepts a juvenile's admission and that even if a factual basis is required, such a basis was adequately established.

The State argues that the requirement of a factual basis is a requirement of Supreme Court Rule 402(c) (87 Ill. 2d R. 402(c)) and that *Beasley* held that Rule 402 does not apply to juvenile proceedings. The State, relying on *In re S.W.C.* (1982), 110 Ill. App. 3d 695, 699, 442 N.E.2d 961, further argues that the factual basis requirement of Rule 402(c) is not constitutionally mandated and, therefore, is not applicable to juvenile proceedings.

If we accept the argument with its questionable philosophical underpinnings that Supreme Court Rule 402 protections never apply to a child facing possible incarceration in delinquency proceedings, there remains the question of whether due process of law requires such a showing of a factual basis for a juvenile's admission. We believe that the record here contains a showing sufficient to satisfy any due process requirement. See *In re Haggins* (1977), 67 Ill. 2d 102, 364 N.E.2d 54.

During the colloquy referred to earlier between the trial court and respondent, the court asked the following questions of respondent and received the following answers from him:

> "THE COURT: Have you *** discussed with your *** [attorney] the case of [S.B.] petition number 82 J 14519 *** count two of [the petition which charges you] with having on or about August 22, 1982, at Cook County, Illinois, committing [*sic*] the offense of aggravated battery in that you intentionally without legal justification caused bodily harm to Victoria Cleveland by

shooting her in the right arm by using a deadly weapon to wit a 22 caliber revolver? Have you discussed that with your [attorney]? Do you understand what they say you did? What is your answer to that [S.B.]?

RESPONDENT: Yes.

\* \* \*

THE COURT: You are making your admission freely and voluntarily because you did in fact commit the acts charged in the petition and are legally responsible for them, is that correct, [S.B.]?

RESPONDENT: Yes, Your Honor."

After making this response, the trial judge asked respondent what he had done on August 22, 1982, with respect to Victoria Cleveland. Respondent stated that he and another youth walked into a building located at 500 West Oak Street in Chicago; that certain individuals with guns tried to detain them in the building; that these individuals threatened them and then turned their backs and walked away from them; that these individuals did not "pull their gun" on them; and that when these individuals turned their backs and walked away, respondent and the youth with him started shooting. After hearing this explanation, the circuit court entered a finding of delinquency based on respondent's admission.

We believe that the trial court made adequate inquiry into the circumstances surrounding the offense to satisfy due process. Although "Rule 402 goes beyond the requirements of due process, in that not all its provisions are constitutionally mandated" (*In re Beasley* (1977), 66 Ill. 2d 385, 391, 362 N.E.2d 1024; *People v. Nardi* (1971), 48 Ill. 2d 111, 116, 268 N.E.2d 389), our review of decisions of the appellate court in this State suggests that the inquiries by the trial judge also satisfied the requirements of Rule 402(c). (*People v. Solesbee* (1974), 16 Ill. App. 3d 924, 926, 306 N.E.2d 911 (holding that questions by the court and answers by defendant similar to those quoted above created a sufficient factual basis for the acceptance of defendant's plea of guilty); *People v. Hudson* (1972), 7 Ill. App. 3d 800, 803, 288 N.E.2d 533 ("The method which should normally first be employed [to comply with Rule 402(c)] is to ask the defendant if he actually committed the acts with the intent (if any) required as set out in the indictment and as explained by the judge").) The record discloses sufficient facts to support the conclusions that respondent actually committed the offense as charged in the petition for adjudication of wardship and that respondent understood that his acts constituted the crime admitted. See *People v. Solesbee* (1974), 16 Ill. App. 3d 924, 926; see also *Mc-*

*Carthy v. United States* (1969), 394 U.S. 459, 467, 22 L. Ed. 2d 418, 426, 89 S. Ct. 1166, 1171.

Respondent argues that the record does not disclose an adequate factual basis because there was no evidence in the record that Victoria Cleveland was present at the scene or that Victoria Cleveland was struck and injured by a bullet. This argument, however, ignores defendant's statement that he committed the acts charged in the petition. Respondent also argues that his account of the events indicated that he was acting in self-defense and that the trial court should not have accepted his admission. We reject this argument, because respondent's own statement indicates that he began shooting after the other individuals had turned their backs and walked away.

Since we have found no infirmity in the proceedings in the court below at the time of respondent's admission, we conclude that the trial court did not err in denying his motion to withdraw his admission.

Respondent also raises two arguments with respect to the dispositional hearing. First, he contends that error was committed because his attorney was never given a copy of the social investigation report prepared by a probation officer, but was merely allowed to read the report immediately prior to the trial court's decision to commit respondent to the Juvenile Division of the Department of Corrections. According to him, he was denied due process because his attorney was not given an adequate opportunity to controvert the contents of that report.

Section 5—1(2) of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 705—1(2)) provides:

> "Before making an order of disposition the court shall advise the State's Attorney, the parents, guardian, custodian or responsible relative or their counsel of the factual contents of the reports prepared for the use of the court and considered by it, and afford fair opportunity, if requested, to controvert them. The court may order, however, that the documents containing such reports need not be submitted to inspection, or that sources of confidential information need not be disclosed except to the attorneys for the parties. ***"

Thus, the Juvenile Court Act expressly provided for an opportunity, if requested, to controvert the contents of the social investigation report. We have reviewed the transcript of the dispositional hearing and have found no such request. Moreover, we observe that at the dispositional hearing the probation officer who prepared the social investigation report gave testimony in response to questions by an assistant

State's Attorney and the court, including a summary of the contents of his report. Counsel for respondent was given the opportunity to examine the probation officer but declined to do so. Under these circumstances, we find no violation of section 5—1(2) of the Juvenile Court Act or of due process.

■ Respondent suggests that he should have been given an opportunity to examine the social investigation report three days prior to the imposition of sentence. His argument is based upon section 5—3—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—4(b)) and section 1—2(3)(a) of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 701—2(3)(a)). Section 5—3—4(b) of the Unified Code of Corrections, in relevant part, provides:

> "Presentence reports shall be open for inspection only as follows:
>     * * *
>
> (2) to the state's attorney and the defendant's attorney at least 3 days prior to the imposition of sentence, unless such 3 day requirement is waived;
>     * * * ."

Section 1—2(3)(a) of the Juvenile Court Act provides:

> "The procedural rights assured to the minor shall be the rights of adults unless specifically precluded by laws which enhance the protection of such minors."

Assuming that section 5—3—4(b) is applicable to juveniles by virtue of section 1—2(3)(a), we do not think that error was committed. Initially, we observe that respondent's counsel made an in-court statement three weeks prior to the dispositional hearing which indicated that he may have been familiar at that time with the contents of the social investigation report. We need not, however, rely on this statement. Section 5—3—4 does not require that a presentence report be tendered to a defendant's attorney; rather it only requires that the report be open for inspection. (*People v. Grant* (1979), 70 Ill. App. 3d 268, 272, 387 N.E.2d 1026.) Respondent has never contended that the report was not available for inspection three days prior to the dispositional hearing. He only contends that he was not given a copy of the report prior to the dispositional hearing. Thus, he has not asserted a violation of section 5—3—4 of the Unified Code of Corrections.

■ In addition, we observe that the plain language of section 5—3—4(b)(2) provides that the three-day requirement can be waived. In *Grant*, the appellate court held that the three-day requirement was waived where neither defendant nor his attorney complained at

the sentencing hearing that they had not had sufficient time to inspect the presentence report and defendant did not show the appellate court what further mitigating evidence he could have presented had he had the opportunity to inspect the presentence report three days prior to the hearing or what information in the report was not already known to him. Similarly, in the instant case neither respondent nor his attorney complained at the dispositional hearing that they had not had sufficient time to inspect the social investigation report and defendant has not made a showing similar to the showing described in *Grant*. Thus, the three-day requirement has been waived.

■ Secondly, respondent contends that the circuit court abused its discretion in committing respondent to the Juvenile Division of the Department of Corrections, because this was not the least restrictive disposition available. The law is well settled that the choice of a dispositional order in juvenile matters rests within the sound discretion of the trial court (*In re G.L.C.* (1979), 74 Ill. App. 3d 411, 413, 393 N.E.2d 113), and a reviewing court will not interfere with the trial court's judgment in the absence of an abuse of discretion. *In re Buchanan* (1978), 62 Ill. App. 3d 463, 467, 379 N.E.2d 122.

In committing respondent to the Juvenile Division of the Department of Corrections, the trial judge stated:

"The court has heard the arguments of counsel, listened to the evidence, and nothing that has been said here indicated to me that [respondent] realizes the value of human life. This minor was a potential killer. He emptied a gun. I've read the social very carefully. Also he feels because he's a member of a gang he can protect turf and then go out and kill somebody in order to protect that turf. Seems to me he's completely beyond the control of his parent, she can't do any better than that. You want me to run him back to the same community and neighborhood where he would likely be involved in the same act. No evidence here that he is not now here a [gang member]. I haven't anything here to indicate this minor respondent is likely to perform well.

*** Seems to me that here we have a person who is a potential killer. Could have been a murderer on that day. Emptied his gun firing at someone else. I think he has to realize and be accountable.

*** Placement under Section 5—7 of the Juvenile Court Act will not serve the best interest of the minor and public. Parents are unfit, unwilling and unable to protect, train, discipline the

minor. That was the mother. Father I understand was killed in a gang fight sometime before. So therefore it will be a commitment to Department of Corrections forthwith on the charge of aggravated battery *** ."

Respondent does not dispute these reasons given by the trial judge, and we believe that they support the judge's determination to commit respondent to the Juvenile Division of the Department of Corrections. Accordingly, we find no abuse of discretion.[1]

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI, P.J., and McNAMARA, J., concur.

---

[1]Respondent also argued that his privilege against self-incrimination and his right to counsel were violated by the introduction into evidence at the dispositional hearing of statements made by him to a probation officer during a predisposition interview, because his counsel was not given notice of the interview and he was not warned of his right to remain silent. At oral argument, counsel for respondent, relying on a recent decision of the United States Supreme Court, waived consideration of this issue.